### GEORGE G. BATCHELDER *vs.* THE COMMONWEALTH.

One who had been sentenced on a complaint before a police court appealed to the superior court; his counsel entered a plea of guilty for him; and afterwards he made default. *Held*, that under the Gen. Sts. *c.* 173, § 5, he might be sentenced upon his default, whether the plea was rightly entered or not.

One who has been convicted in a police court of an offence punishable with fine and imprisonment, and there sentenced, under the St. of 1866, *c.* 280, § 1, to a fine only, may be sentenced by the superior court, upon his failure to prosecute an appeal, to both fine and imprisonment.

A complaint under the Gen. Sts. *c.* 87, §§ 6, 7, for keeping a tenement for the illegal keeping and sale of intoxicating liquors, need not allege that the liquors were spirituous.

WRIT OF ERROR to reverse a judgment of the superior court in Suffolk. From the record it appeared that the plaintiff in error was tried before the municipal court of the city of Boston on his plea of not guilty to a complaint under the Gen. Sts. *c.* 87, §§ 6, 7, charging him with keeping a tenement for the illegal sale and keeping of intoxicating liquors; that he was convicted and sentenced to pay a fine, appealed to the superior court, and entered into a recognizance to prosecute his appeal; that the complaint was entered by appeal at January term 1871 of the superior court, where he, by his counsel, John W. Mahan, pleaded guilty; that the complaint was continued from term to term of the superior court until May term 1871, when he was called and made default; and that thereupon a warrant was issued for his arrest, and he was arrested, brought into court, and sentenced to pay a fine and to be imprisoned in the house of correction.

The assignment of errors was, that the record showed that he pleaded not guilty; that it did not show that he pleaded guilty; that it showed that in the municipal court he was sentenced, as for a first offence, to pay a fine only; that the complaint did not support the judgment, inasmuch as it did not allege that the liquors were spirituous as well as intoxicating; and that the record showed that he was sentenced in the superior court without a trial.

*G. Sennott*, for the plaintiff in error.

*J. C. Davis*, Assistant Attorney General, (*C. R. Train*, Attorney General, with him,) for the Commonwealth.

WELLS, J.   The plaintiff in error was convicted in the municipal court upon his plea of "not guilty."   He appealed to the superior court, and there, failing to prosecute his appeal, was defaulted.   He then stood liable to sentence upon his conviction, in the same manner as if he had been convicted in that court. Gen. Sts. c. 173, § 5.

In the municipal court he was liable to sentence both of fine and imprisonment.   If that court, in its discretion, upon proof that he had not before been convicted of a similar offence, imposed a fine only, the power of the superior court on appeal to impose both fine and imprisonment would not be controlled thereby.

Section 1 of the St. of 1866, c. 280, does not treat the omission of the offender to prove that he has not before been convicted, as a confession, or as evidence against him of such former conviction.   It is not a provision for increased punishment of a second offence; but for mitigation of sentence.

"Intoxicating liquors" is a sufficient designation of that, the sale and keeping for sale of which is made illegal by the statute; and it is not necessary to allege or prove that the liquor was also spirituous or distilled.   Commonwealth v. Timothy, 8 Gray, 480. Commonwealth v. Ryan, 9 Gray, 137.

It is unnecessary to consider the question of the right of counsel to enter a plea of "guilty" in the absence of the accused; inasmuch as the record shows that the court proceeded to award sentence against him upon his default, and conviction in the municipal court, and not upon the plea.

There appearing to be no error in the record, the judgment and sentence awarded by the superior court are          Affirmed.