## COMMONWEALTH vs. JOHN C. BLOS.

Worcester.    September 29.— October 23, 1874.    COLT & MORTON JJ., absent.

The St. of 1869, c. 415, § 30, does not prohibit the sale of beer, which is not "ale, porter, strong beer," or "lager bier," unless it is intoxicating; and whether it is intoxicating is a question of fact for the jury, and the fact that it contains a certain percentage of alcohol is not conclusive upon this point.

INDICTMENT on the Gen. Sts. c. 87, § 6, for keeping and maintaining a tenement used for the illegal sale and keeping of intoxicating liquor.

At the trial in the Superior Court, before *Lord*, J., the government offered the evidence of S. Dana Hayes and C. O. Thompson, chemical experts, who had analyzed samples of beer admitted to have been sold by the defendant in the place and between the times alleged in the indictment. It was also admitted that the place was kept by the defendant for the purpose of selling indiscriminately the beer such as was analyzed by Hayes and Thompson. Said witnesses testified that the beer was composed of an infusion of malted barley and hops, and that it contained from five to five and one half per cent. of alcohol; that the presence of alcohol in beer has no effect upon the keeping of beer; that the keeping a longer or shorter time depends upon the quantity of starch and the temperature at which it is manufactured, and that the amount of alcohol is the same in that which is brewed slowly and at a low temperature as in that which is brewed more rapidly and at a higher temperature, and that the latter goes more rapidly into vinegar than the former; that in no beer is there alcohol enough to preserve it, but that depends upon the stock and mode of manufacture, and that ale contained from four to five, and sometimes six per cent. of alcohol. No question was made of the accuracy of the testimony of the experts in the above particulars.

The government also offered evidence tending to show that said beer was lager bier. Said chemical experts further testified that whiskey contains about fifty-three per cent. of alcohol, and that a gallon of said beer contained as much alcohol as a pint of whiskey.

The government offered the evidence of one Corcoran, that he had drunk said beer at the defendant's place, and it had produced the effect of sickness at the stomach and made him stagger, and that he was arrested for drunkenness while under the influence of it. The above was the only evidence offered by the Commonwealth material to the questions at issue.

The defendant offered to prove in defence by the testimony of the brewers who made it, and by dealers and consumers of said beer, that it was not lager bier, but Schenck beer, an entirely different and distinct article, and recognized in the trade as such; that it did not contain as much stock, by one half, as lager bier; that it would not keep nearly as long as lager, and was of less price than lager; and that Schenck beer was fit for use in a short time after brewing, while lager bier required to be kept several months before use. The defendant also offered to prove that said beer was not intoxicating, by the evidence of witnesses who had drunk said beer for many years in large quantities, and had observed its use by others, and had never experienced or known of any intoxicating effects from it.

The correctness of the analysis of the liquor was conceded for the purposes of this trial, and the presiding judge ruled that the indiscriminate sale of certain liquors is prohibited; that what liquors are prohibited depends upon the nature or character of the liquor and not upon its effects; and that upon the testimony of Hayes and Thompson, the liquors which it is agreed were sold by the defendant come within the prohibited liquors, and that therefore evidence of their peculiar effects upon certain individuals is not competent for the purpose of showing that the liquors do not fall within the prohibition.

The court therefore ruled that the evidence offered by the defendant was incompetent or immaterial, and that it was the duty of the jury upon this proof to return a verdict of guilty; whereupon such verdict was rendered, and the defendant alleged exceptions.

*G. F. Verry & F. A. Gaskill*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

AMES, J. Under the law of this Commonwealth the sale of liquors capable of producing intoxication is unlawful and criminal. Of these liquors, those that are known as spirituous form a class

by the.nselves, and are treated by the statute as not requiring a more specific description. The liquors that have intoxicating qualities, but not included in the class known by the appellation of spirituous, are within the prohibition of the law. The statute makes a partial enumeration of this latter class of liquors, and provides that " ale, porter, strong beer, lager bier, and all wines, shall be considered intoxicating liquors within the meaning of this act, as well as distilled spirits." St. 1869, c. 415, § 30 The apparent purpose of the statute is to provide that distilled spirits, and all liquors with which distilled spirits are mixed, and also all the liquors included by name in the specific enumeration above quoted, shall be conclusively deemed intoxicating, and the question whether they are intoxicating in fact shall not be raised at the trial. But with regard to all other liquors, this question is one to be determined by the jury upon the evidence like any other question of fact.

In the case under consideration, the article sold was not distilled spirits; it was not ale, porter, strong beer, or wine ; and the defendant offered to prove that it was not lager bier. The fact that alcohol was discovered in it upon a chemical analysis, although undoubtedly competent evidence, does not necessarily prove that the liquor was spirituous within the meaning of the statute. If it did, it would follow that there was no occasion for, and no significance in, the special provision contained in the statute as to ale, porter, wine, &c. The question whether it was an intoxicating liquor or not should have been submitted to the jury.

We think, therefore, that the evidence offered by the defendant at the trial was competent and should have been received, and it accordingly results that the            *Exceptions are sustained.*