COMMONWEALTH *vs.* NAPOLEON MANDEVILLE.

Worcester. October 4. — 21, 1886. DEVENS & W. ALLEN, JJ., absent.

At the trial of a complaint for keeping intoxicating liquors with intent to sell the same contrary to law, the evidence tended to prove that the defendant kept lager beer with intent to sell the same to be used as a beverage, and to be drunk on the premises. The judge instructed the jury, that " a license of the sixth class gave to the party holding the same the right to keep for sale and to sell intoxicating liquors for three purposes only, namely, medicinal, mechanical, and chemical, and gave the holder no right to keep for sale or to sell intoxicating liquors to be used as a beverage, and gave no right to keep for sale or to sell intoxicating liquors to be drunk on the premises." *Held,* that the defendant had no ground of exception.

HOLMES, J. This is a complaint for keeping intoxicating liquors with intent to sell the same contrary to law. The evidence tended to prove that the defendant " kept lager beer with intent to sell the same to be used as a beverage, and to be drunk on the premises." The only exception not waived is to an instruction that " a license of the sixth class gave the party holding the same the right to keep for sale and to sell intoxicating liquors for three purposes only, namely, medicinal, mechanical, and chemical, and gave the holder no right to keep for sale or to sell intoxicating liquors to be used as a beverage, and gave no right to keep for sale or to sell intoxicating liquors to be drunk on the premises."

It is argued that a beverage is only a drink, and that liquors sold for medicinal purposes are sold to be used as a drink. It is also argued that it may be necessary that liquors sold for medicinal purposes should be drunk on the premises. But, taking the whole instruction together, the meaning of the court was perfectly plain, and was correct. Sales of liquors to be used as a beverage were spoken of by way of antithesis to sales for medicinal purposes, and signified sales of liquors to be drunk for the pleasure of drinking, as distinguished from sales of liquors to be drunk in obedience to a doctor's advice. Then, as to the other point, we need not consider whether, in an extraordinary case, it may be necessary and lawful that a prescribed dose should be drunk at once, and therefore on the premises, because the court

was speaking generally of ordinary cases, and was only following the statute, which requires a license of the second class in order to warrant sales of malt liquors to be drunk on the premises. Pub. Sts. *c.* 100, § 10. There is nothing to show that there were any extraordinary circumstances about the sales in question.                                              *Exceptions overruled.*

*J. R. Thayer*, for the defendant.

*E. J. Sherman*, Attorney General, for the Commonwealth.