## STATE *vs.* EDWARD McKENNA.

A statute provided that the word "intoxicating" should include any liquor or mixture of liquors which should contain more than two per cent. by weight of alcohol ; prohibited the sale of intoxicating liquors; and prescribed a form of complaint which was to be sufficient if substantially followed.

*Held,* that this statute did not violate the constitutional provision that " in all criminal prosecutions the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation."

A complaint under this statute charged that the defendant unlawfully did " keep and suffer to be kept on his premises, in his possession and under his charge, ale, wine, rum, and other strong and malt and intoxicating liquors, and mixed liquors, a part of which was ale, wine, rum, and other strong and malt and intoxicating liquors, with intent to sell the same in this State, against the statute."

*Held,* that the complaint should not be quashed for uncertainty because not stating whether it covered liquors intoxicating in fact, or defined as intoxicating by statute.

At the trial the prosecution offered to prove by the State Assayer, that the liquor contained more than two per cent. by weight of alcohol. This testimony was admitted against the defendant's objection. No other evidence as to the quality of the liquors was adduced, and the defendant was convicted.

*Held* no error.

DEFENDANT'S petition for a new trial.

Criminal complaint brought in the District Court of the eighth judicial district and carried by the defendant's appeal to the Court of Common Pleas. After conviction in the Court of Common Pleas, the defendant filed this petition in this court.

*January* 4, 1889. DURFEE, C. J. The complaint charges that the defendant. at Cranston, January 24, 1888, " without lawful authority, did then and there keep and suffer to be kept on his premises, in his possession and under his charge, ale, wine, rum,

and other strong and malt and intoxicating liquors, and mixed liquors, a part of which was ale, wine, rum, and other strong and malt and intoxicating liquors, with intent to sell the same in this State, against the statute." When the complaint was called for trial on appeal in the Court of Common Pleas, the defendant moved the court to quash the complaint because " it did not set out with sufficient certainty the offence charged, in that it did not inform him whether he must defend against keeping unlawfully liquor which was in fact intoxicating or that which was deemed by law to be intoxicating, to wit, that which contained more than two per cent. by weight of alcohol." The court denied the motion and the defendant excepted.

We think the court rightly denied the motion. A motion to quash is to be granted only for fatal defects apparent on the face of the record. There is no such defect in this complaint. It charges the unlawful keeping of ale, wine, and rum, and could be sustained by the unlawful keeping of either of those liquors. It also charges the unlawful keeping of " strong or malt liquors," which has always, since that form of words has been used, been deemed sufficiently certain for proof of the keeping of strong liquors, like whiskey or brandy, or of malt liquor, like porter or beer. The addition of the words " and intoxicating " does not make the complaint bad, even if the prosecutor could not under them be allowed to show the keeping of liquors which, though not in fact intoxicating, are required to be taken as intoxicating by the statute.

The second exception is as follows, to wit, " The prosecution offered to prove by the State Assayer that the liquor seized at the defendant's place of business contained more than two per cent. by weight of alcohol. The defendant objected to the introduction of said testimony. His objection was overruled, and he then and there excepted. There was no other testimony as to the quality of the liquor kept by said defendant."

The exception does not state what kind of liquors was seized. They may have been ale, wine, or rum, or some other strong or malt liquors, in which case they would have been within the prohibition of the statute, whatever the percentage of alcohol which they contained. But supposing that the liquors were not such

and were not in fact intoxicating, then the question arises whether, under the complaint as drawn, evidence of the keeping of them was admissible by virtue of the statutory provision that the word " intoxicating," as used in the chapter in pursuance of which the complaint was made, shall be deemed to include " any liquor or mixture of liquors which shall contain more than two per cent. by weight of alcohol." The complaint follows the form given by said chapter, and the chapter provides that the form if substantially followed, " shall be sufficient in law to fully and plainly describe the offence " complained of. Accordingly the complaint is sufficient unless the provision cited is inconsistent with the constitution' of the State, article 1, section 10, which declares that " in all criminal prosecutions the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation." In Massachusetts there are or have been statutes prohibiting the sale or keeping for sale of intoxicating liquors, and enacting that " ale, porter, strong beer or lager beer, etc., and any beverage containing more than three per cent. of alcohol," etc., shall be deemed to be intoxicating within the meaning of the statutes : and under these statutes it has been held that it is sufficient, by reason of said enactment, for the government to prove, in support of a complaint for the keeping of " intoxicating liquors " for sale in violation thereof, that the defendant so kept ale or lager beer, without further proof that it was intoxicating. *Commonwealth* v. *Timothy*, 8 Gray 480 ; *Batchelder* v. *The Commonwealth*, 109 Mass. 361 ; *Commonwealth* v. *Curran*, 119 Mass. 206 ; *Commonwealth* v. *Snow*, 133 Mass. 575. No form of complaint is given in the Massachusetts statutes, and therefore, if the complaints were sufficient in the Massachusetts cases in the particular in question, *a fortiori* is the complaint in the case at bar sufficient in the same particular. Our statute enlarges the meaning of the word " intoxicating " in express terms for the purposes, not only of prohibition, but also of complaint. There may be a limit to such legislation, and the General Assembly may have gone to the verge of it, but we are not satisfied that they have exceeded it. See *State* v. *Murphy*, 15 R. I. 543, 546, 548.

*Petition dismissed.*

*Horatio Rogers*, Attorney General, for plaintiff.

*Ambrose E. West*, for defendant.