COMMONWEALTH *vs.* CHARLES L. PRESCOTT & others.

Norfolk.    February 2, 1891. — February 28, 1891.

Present: FIELD, C. J., C. ALLEN, HOLMES, MORTON, & LATHROP, JJ.

*Fish — Unlawful Taking of Smelt — Complaint.*

A complaint on the Pub. Sts. c. 91, § 58, to a district court, alleging that the defendant did "unlawfully take one thousand smelts," charges but a single offence, if the fish were taken at one time and place; and it is competent for the government, at the trial of the complaint in the Superior Court, on appeal, to show the number of the fish taken, for the purpose of fixing the penalty, even though this number might exceed that proved in the district court.

LATHROP, J.    This is a complaint on the Pub. Sts. c. 91, § 58, to the District Court of East Norfolk, alleging that the defendants, three in number, on January 18, 1889, at Braintree, "did then and there unlawfully take one thousand smelts in another manner than by artificially or naturally baited hook and hand line, to wit, by means of a seine and net," and concluding in the usual form.

The record of the district court shows that the defendants were found guilty of the offence charged; that it was ordered by the court that "the defendants each forfeit and pay the sum of three hundred and thirty dollars to and for the use prescribed by law, and one third the costs of this prosecution, taxed at one

dollar and eighteen cents " ; and that the defendants appealed to the Superior Court.

In the Superior Court, the defendants were tried, and the following verdict was returned : " The jury find each of the defendants guilty of taking eight hundred and fifty smelts in manner and form as charged in the complaint."

The case came before this court on exceptions to an order of the Superior Court overruling a motion to quash the complaint. The exceptions were overruled, and it was determined that the district court had original jurisdiction of the complaint, and that the complaint was sufficient in form. See *Commonwealth v. Prescott*, 151 Mass. 60.

The defendants thereupon filed in the Superior Court a motion in arrest of judgment, assigning the following reasons : " Because the record of the district court and of this court is inconsistent. And also because said record shows that the jury convicted the defendants of catching smelts, for the alleged catching of which the defendants had each been acquitted by the judgment of said district court, as appears of record. And because no valid judgment or sentence can now be passed on the record of said cause." This motion was overruled; and the defendants appealed to this court.

The defendants contend that the complaint charges one thousand offences ; that the record of the district court shows that the defendants were guilty of taking only three hundred and thirty smelts, and therefore amounted to an acquittal as to six hundred and seventy smelts ; and that the defendants' appeal only vacated the proceedings as to all matters of which they were found guilty.

We are not able to accede to the proposition that the complaint charges one thousand offences ; and are of opinion that it charges but one offence. If the fish were taken at one time and place, but one offence was committed, and the number of fish is of no consequence except for the purpose of determining the penalty to be imposed. As the record before us does not show the contrary, we must assume that the fish were all taken at one time and place. The judgment of the district court did not, therefore, amount to an acquittal of any offence charged ; and it was competent for the government, at the trial of the case in

the Superior Court, to show the number of the fish taken for the purpose of determining the amount of the penalty, even though this number might exceed that proved in the district court. It is no ground of complaint that a heavier punishment is imposed in the Superior Court for the same offence than was imposed in the court appealed from. *Batchelder* v. *Commonwealth,* 109 Mass. 361.

> *Order of the Superior Court overruling the motion in arrest of judgment affirmed.*

*E. C. Bumpus,* (*P. R. Blackmur* with him,) for the defendants.

*A. E. Pillsbury,* Attorney General, (*C. N. Harris,* Second Assistant Attorney General, with him,) for the Commonwealth.