### COMMONWEALTH *vs.* FRANK M. FROST.

Suffolk.    November 23, 1891. — January 6, 1892.

Present: ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Intoxicating Liquors — Common Nuisance — Druggists' License.*

An apothecary who holds a license of the sixth class under the Pub. Sts. c. 100, § 10, cannot sell intoxicating liquors for medicinal purposes to be drunk on the premises.

COMPLAINT to the Police Court of Chelsea, alleging that the defendant at Chelsea kept and maintained " a certain common nuisance, to wit, a tenement in said city of Chelsea " used for the illegal sale and keeping for sale of intoxicating liquors from December 1, 1890, to March 2, 1891. At the trial, on appeal, in the Superior Court, before *Braley*, J., the defendant, who kept an apothecary store, and who, it was admitted, held a license of the sixth class running from May 1, 1890, to May 1, 1891, requested the judge to rule " that, if the defendant made sales of intoxicating liquor for medicinal purposes in the manner prescribed by law to holders of a sixth class druggists' license, defendant could sell it to be drunk on the premises." The judge declined so to rule, and instructed the jury " that, where intoxicating liquor was sold by the defendant for medicinal purposes, defendant could not sell it to be drunk on the premises; and that the holder of a sixth class druggists' license could not sell intoxicating liquors for medicinal purposes to be drunk on the premises."

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*D. F. Kimball*, for the defendant.

*A. E. Pillsbury*, Attorney General, *&* *C. N. Harris*, Second Assistant Attorney General, for the Commonwealth.

MORTON, J. The defendant's license did not authorize him to sell intoxicating liquor to be drunk on the premises, even though it were sold and bought as medicine. The instructions were correct. *Commonwealth* v. *Mandeville*, 142 Mass. 469.

*Exceptions overruled.*