| 97 | 471 |
|----|-----|
| 103 | 280 |

</div>

## Hanesley *v.* Monroe *et al.*

There being no special plea filed by the defendants authorizing the introduction of the evidence objected to by the plaintiff as irrelevant and immaterial, the court erred.in not rejecting the same; and as the evidence in question was harmful to the

plaintiff's case, and gave to the defendants the benefit of a defense which they had not pleaded, this error requires the granting of a new trial.

October 28, 1895.

Action on contract.    Before Judge Smith.    Wilcox superior court.    March term, 1895.

*Hal Lawson, E. H. Cutts* and *T. L. Holton,* for plaintiff.    *E. H. Williams* and *Pate & Bright,* for defendants.

LUMPKIN, Justice.

An action was brought by Hanesley against Monroe and others, for services alleged to have been performed in procuring for them a loan from an insurance company in Cincinnati.    The plaintiff proved compliance with his part of the contract.    The defendants offered evidence tending to show that the plaintiff was an agent of the insurance company; that it was his duty, as such, to solicit applications for insurance therein; and that the rules of the company forbade an agent to take any commission for his services in procuring a loan from the company, other than his commission upon the insurance taken.    The court admitted this evidence over the objection that it was irrelevant and immaterial.

There was no plea setting up as a defense to the plaintiff's action the facts brought out by this evidence.    In other words, the defendants did not plead any disability on the part of the plaintiff to contract for and receive from them a commission upon the loan which he procured the insurance company he represented to make to them.    It is plain, therefore, that no issue of this kind was involved in the case, and it is an elementary rule of evidence that testimony, in order to be admissible, must have at least some relevancy to the issue in controversy.    By admitting the evidence in question, the court gave to the defendants the benefit of a defense which they had not made by their pleadings; and as so doing was manifestly harmful to the plaintiff's case, a new trial should be granted.

*Judgment reversed.*