STATE OF MAINE *vs.* JOSEPH PICHE.

Androscoggin.    Opinion December 21, 1903.

*Intox. Liquors,* "Don't Know Beer 2½ per cent." *Question for Jury. Evidence.*
R. S. *(1883), c. 17, § 1; c. 27, § 33.*

Whether any other pure or mixed liquor not enumerated in R. S., c. 27, § 33, is intoxicating is a question of fact to be proved by any competent evidence, and the force and effect of such evidence are for the jury to determine.

The composition and character of the liquor, the amount of alcohol it contains, and in what quantities it produces intoxication, are all competent evidence tending to determine the question.

The court cannot say as a matter of law that a liquor, which contains three per cent or more of alcohol, is intoxicating, and that one which contains a less percentage is not, but the question must be determined by the jury from all the evidence in the case.

Exceptions by defendant.    Sustained.

Search and seizure of intoxicating liquors, under R. S. 1883, c. 27. At the close of the charge to the jury, the defendant requested

the following instructions which were refused by the presiding justice:—

1.   That to find the respondent guilty, you must be satisfied beyond a reasonable doubt, that the beer seized is intoxicating.

2nd.   That if you should find this beer contains malt, but is not intoxicating, then your verdict should be for the respondent.

3rd.   That beer, to be a malt liquor under the statutes of this State, malt must constitute the principal component or constituent part entering into the composition or making of said beer.

4th.   In order to find the respondent guilty you must be satisfied, beyond a reasonable doubt, that the beer seized at this respondent's place, contained malt, and that said malt had generated alcohol in sufficient quantity to render the same intoxicating.

5th.   That if the jury shall find this beer, to be not intoxicating, the fact that it contains malt does not make the sale of it illegal and unlawful under our statutes relating to the sale and keeping of intoxicating liquors, and your verdict should be for the respondent.

6th.   The proportion of alcohol, whether sufficient to make or render the beer intoxicating or not is for you to say, regardless of the percentage or proportion of alcohol found by analysis, even if containing three per cent or more.

The defendant took exceptions to the refusal to give these instructions; also to the instruction given and stated in the opinion of the court.   The respondent's counsel also duly excepted to that part of the justice's charge relating to what percentage of alcohol in beer is necessary to constitute intoxicating liquor under the statutes, and what is a malt liquor under the statutes.

*W. B. Skelton,* County Attorney, for State.

As to the first five requests, counsel argued:—

It is competent for the legislature to say what liquors shall be regarded as intoxicating within the meaning of an act regulating or prohibiting their sale.   When such definition is given by statute, it is not a question as to whether the liquors included in it are intoxicating in fact, but whether they come within the classes named in the

definition.    *Com.* v. *Brelsford,* 161 Mass. 61, and cases cited; *State* v. *Starr,* 67 Maine, 242.    To the sixth request:  The court will take judicial notice that certain liquors are intoxicating.    *U. S.* v. *Ducournau,* 54 Fed. Rep. 138, and cases cited; *Carmon* v. *The State,* 18 Ind. 450; *Schlict* v. *The State,* 56 Ind. 176; *Fenton* v. *State,* 100 Ind. 598; *Briffitt* v. *The State,* 58 Wis. 42; *U. S.* v. *Ash,* 75 Fed. Rep. 651-2; *Nevin* v. *Ladue,* 3 Denio, 437.

The court properly instructed the jury that certain liquors were intoxicating, and submitted to them the issue as to whether the liquors in question came within that class.

*J. G. Chabot,* for defendant.

The statutes do not attempt to define or specify what percentage of alcohol, found in any liquor, other than those enumerated, shall constitute intoxicating liquors.

In the absence of any specific statutory definition in that respect, it is well settled in this State and Massachusetts, that what is an intoxicating liquor, and whether the liquor sold was intoxicating or not, are questions of fact to be determined by the jury upon the evidence in the case, in *State* v. *Starr,* 67 Maine, 244; *State* v. *Page,* 66 Maine, 419; *State* v. *Wall,* 34 Maine, 165; *Com.* v. *Blos,* 116 Mass. 56; *State* v. *Biddle,* 54 N. H. 379, 384; *Duffer* v. *State,* 32 Ind. 402; *Plunket* v. *State,* 69 Ind. 68; Bishop on Statutory Crimes, 2nd ed. 1007; *Rau* v. *People,* 63 N. Y. 279; *Intox. Liquor Cases,* 25 Kan. 751, 37 Am. Rep. p. 291; *State* v. *Peterson,* 41 Vt. 504; *Russell* v. *Sloan,* 33 Vt. 659.

Court cannot say as a matter of law that the presence of a certain per cent of alcohol brings the compound or liquor within the prohibition of the statutes.

The question is one of fact to be settled by the jury as other questions of fact.    *Com.* v. *Blos,* supra.  Courts are not called upon to construe the terms intoxicating liquors.    11 Am. & Eng. Ency. of Law, 572, and cases cited.

The beer seized at the defendant's place not being specifically declared to be intoxicating, by the statutes, the question as to whether or not it came within the prohibition of the statutes, and

whether it was intoxicating liquors, are questions to be determined by the jury from evidence in the case.

No plausible reasons or legal authorities, justify the statement or belief that three per cent of alcohol, (in the absence of any statutory limitation,) makes the liquor which contains it, intoxicating liquors.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, POWERS, JJ.

POWERS, J. Case based on search and seizure complaint.

The officer seized a quantity of beer at the respondent's premises marked, "Don't Know Beer 2½ per cent." At the trial, the verdict was for the State, and the respondent excepted to the following portion of the charge of the presiding justice: "A liquor kept for sale, or sold by a person in this State, as a beverage, containing three per cent or more of alcohol, is an intoxicating liquor within the meaning of the statutes of this State. I instruct you under this definition that if you find beyond a reasonable doubt, that the liquor which was seized and which has been presented before you, contained three per cent or more of alcohol, that it is an intoxicating liquor. Now then, I submit to you the question of fact to determine whether it did or it does contain three per cent or more of alcohol, whether the evidence in this case satisfies you beyond a reasonable doubt, that this beer contains three or more per cent of alcohol. If so, they are intoxicating liquors."

By the statutes of this State, wine, ale, porter, strong beer, lager beer, and all other malt liquors and cider when kept or deposited with the intent to sell the same for tippling purposes, or as a beverage, as well as all distilled spirits, are declared intoxicating within the meaning of the chapter under which these proceedings were had, R. S. 1883, c. 27, § 33. As to liquors which fall within any of the enumerated classes, there is no question but that they are intoxicating. The statute so declares them. The same section provides that the above enumeration shall not prevent any other pure or mixed liquors from being considered intoxicating. Whether such liquors are intoxicating, is a question of fact to be proved by any competent evidence,

the same as any other question of fact, and the force and effect of such evidence are for the jury to determine. The composition and character of the liquor, the amount of alcohol it contains, and in what quantities it produces intoxication, are all competent evidence tending to determine the question. The court cannot say as a matter of law that a liquor, which contains three per cent or more of alcohol, is intoxicating, and that one which contains a less percentage is not; but in every case this question must be determined by the jury, from all the evidence before them.

It was held in *State* v. *Wall*, 34 Maine, 165, that in a prosecution for the unlawful sale of intoxicating liquors it is the province, not of the court, but of the jury, to determine whether the liquor sold was or was not as matter of fact intoxicating. Later this court held that the manufacture or sale of unadulterated cider or wine made from fruit grown in this State was exempted from the prohibition of c. 27, but that whether such liquors were intoxicating under R. S. (1883), c. 17, § 1, relating to nuisances, is for the jury to determine. *State* v. *Page*, 66 Maine, 418.

A case precisely in point is *Commonwealth* v. *Blos*, 116 Mass. 56. It is there held that whether beer is intoxicating, is a question of fact for the jury, and that the fact that it contains a certain percentage of alcohol, is not conclusive upon that point.

The presiding justice erred in withdrawing from the jury the determination of the principal question of fact, and leaving to their decision only one of the collateral facts tending to establish the main proposition.

*Exceptions sustained.*