1444, 1445, 1446.   O'CONNELL *v.* THE STATE (three cases).

1. As to main features, these cases are controlled by *Jenkins* v. *State,* 4 *Ga. App.* 859 (62 S. E. 574), and *Bashinski* v. *State,* ante, 3 (62 S. E. 577 (1-3)).

2. The courts may take judicial cognizance that whisky is a spirituous, alcoholic, and intoxicating liquor.

3. The courts may take judicial cognizance that an ordinary beer, containing such a percentage of alcohol as, by common knowledge, may produce intoxication when the beer is drunk in such quantities as it may ordinarily be drunk, is an intoxicating liquor.

4. The charge of the court upon the subject of insanity was full and fair, and was not, for any reason assigned, erroneous.

5. The fact that the trial judge asked questions of witnesses is not cause for new trial, unless the complaining party suffered prejudice thereby. No prejudice, actual or constructive, appears in the present case. *Ray* v. *State,* 4 *Ga. App.* 72 (60 S. E. 816).

6. None of the exceptions are meritorious.

Accusations of violating prohibition law, from city court of Macon—Judge Hodges.   September 19, 1908.

Submitted November 10,—Decided November 24, 1908.

*W. D. McNeil,* for plaintiff in error.

*William Brunson, solicitor-general,* contra.

POWELL, J.   We deem it unnecessary to elaborate or explain any of the propositions announced in the headnotes, other than that stated in the third.   This point is especially relevant to one of the cases.   The evidence showed, among other things, that the defendant kept on hand at his place of business and sold a beer contain-

ing, according to analysis, over four per cent. of alcohol. It was not stated in direct words that it was lager beer, or even that it was a malt liquor. We held in Cripe's case, 4 Ga. App. 832 (62 S. E. 567), that the courts may take judicial cognizance of the fact that lager beer is an intoxicating liquor; for the beverage ordinarily referred to by that name is, according to common knowledge, capable of producing intoxication if drunk to excess. Beer, however, as we stated there, varies so much in kind that, in the absence of other words of description, it is not to be assumed that a beverage referred to by that name is or is not intoxicating. In determining whether a liquor or liquid is intoxicating within the purview of prohibition statutes, courts keep in mind two things,—its potableness (the quality of being a beverage) and its intoxicating power. All beers are beverages; hence the courts may without difficulty assume that they possess the quality of potableness; so the only element really open to inquiry is their power of intoxication when drunk to excess. It is a matter of common knowledge that alcohol, when contained in a potable liquid, has intoxicating power, unless the percentage thereof is so small as to be negligible. We are not called upon to define the minimum under which the percentage of alcohol in a beverage would be so small, that the court could not take judicial cognizance of the intoxicating quality of the liquor. In State v. McKenna, 16 R. I. 400 (17 Atl. 51), where the legislature had taken cognizance, in an enactment, that a liquor containing two per cent. or more of alcohol was per se intoxicating, the court intimates that this was on the verge of the limit, but not over it. See also State v. Guinness, 16 R. I. 401 (16 Atl. 910). We feel no hesitancy in taking cognizance, as a matter of common knowledge, that any beer or other liquor of similar potableness which contains as much as four per cent. of alcohol is intoxicating. Indeed, lager beer (and we are not employing the words in a trade or technical sense, but in the ordinary sense in which they are popularly employed), of the intoxicating quality of which judicial notice is taken, is merely a malt beer containing approximately four per cent. of alcohol. Power to intoxicate does not mean power to make a person dead drunk (Lafler v. Fisher, 121 Mich. 60, 79 N. W. 934), or stupidly, staggeringly, or foolishly drunk (Elkins v. Buschner (Pa.), 16 Atl. 102, 104)..

" 'Intoxication' is a synonym of 'inebriety' or 'drunkenness,' implying or evidenced by undue and abnormal excitation of the passions or the impairment of feelings, or an impairment of the capacity to think and act correctly and effectually." Standard Life Ins. Co. *v.* Jones, 94 Ala. 434 (10 So. 530). "A man is intoxicated whenever he is so much under the influence of spirituous or intoxicating liquors that it so operates upon him, that it so affects his acts, or conduct, or movement, that the public or parties coming in contact with him could readily see and know that it was affecting him in that respect." *Sapp* v. *State,* 116 *Ga.* 184 (42 S. E. 410). See also 4 Words & Phrases, 3734 et seq. In the light of common knowledge as to the amount of beer that may be drunk, it would be absurd to refuse to recognize that a beer containing as much as four per cent. of alcohol is capable of being drunk in such quantities as to produce "intoxication" as defined above. A pint of such beer would contain nearly as much alcohol as an ounce and a half of hundred-proof whisky. For the basis of this calculation, see *Mason* v. *State,* 1 *Ga. App.* 538 (58 S. E. 139). We are aware that in State *v.* Piche, 98 Me. 348 (56 Atl. 1052), the court, following the Massachusetts case of Commonwealth *v.* Blos, 116 Mass. 56, denied the right to take judicial cognizance that a beer containing three per cent. or more of alcohol is intoxicating; but we are satisfied that if the learned judges there had stopped to consider the fact that they judicially knew how much alcohol "hundred-proof" whisky contains (for this is a matter of lexicographical definition as well as of Federal law, and both of these, as well as common knowledge, are legitimate sources of juridic information), and had made the calculation that two pint bottles of beer (certainly not beyond the limit of excessiveness as to potableness) are the alcoholic equivalent of two "highballs" (a thing as to which it would be mawkish for them to deny some familiarity), containing each something over an ounce of hundred-proof whisky and a "quantum sufficit" of mineral water, they might have reached the same conclusion we are announcing.

The evidence demanded the verdict of guilty rendered in the case, except as to the question of the defendant's sanity; and that, being issuable, was settled by the verdict of the jury.

*Judgment affirmed.*