## 2504.  RICHARDSON v. THE STATE.

1. The evidence fully authorized the defendant's conviction.
2. The fact that a trial judge asked questions of the witnesses is not cause for new trial, unless the complaining party suffered prejudice thereby.

Indictment for sale of liquor; from Whitfield superior court—Judge Fite.   January 22, 1910.

Submitted March 22,—Decided April 6, 1910.

*William E. Mann,* for plaintiff in error.

*Thomas C. Milner,* solicitor-general, *George W. Stevens,* contra.

POWELL, J.   The only point, in addition to the general grounds, is that the trial judge asked certain questions of the defendant's witness; the contention of the plaintiff in error being that these questions were such as to intimate an opinion on the part of the judge, as to the credibility or lack of credibility of the witness. We concede that the judge approached the border line in this case; yet it must be remembered that he who alleges error has the burden of showing it, and that in a doubtful case the doubt is to be solved in favor of letting the action of the lower court stand.   By a strained construction of the language used by the judge to the witness, it may be made to reflect on the witness's credibility. Ordinarily, however, we do not think that it would have this effect. We can only reiterate what we have said so often before: that if judges do go out of their way to examine witnesses, they should use the utmost caution that they do not by any form of language betray or seem to betray the slightest inclination to endorse or disparage the veracity of the witness, or to express or intimate by the nature of the question any opinion upon any matter of fact in the case.   See *Ray* v. *State,* 4 *Ga. App.* 68, 71 (60 S. E. 816) ; *O'Connell* v. *State,* 5 *Ga. App.* 234 (62 S. E. 1007).

*Judgment affirmed.*