## 8485. AYASH v. WILLIAM GERST BREWING COMPANY.

JENKINS, J.  1. This was a suit on open account, brought in the name of "William Gerst Brewing Co., a corporation," which statement as to plaintiff's legal entity was made immediately preceding the first numbered paragraph of the petition, and was not referred to by defendant in his answer. There was no plea denying the corporate existence of the plaintiff. On the trial defendant introduced in evidence, without objection on the part of plaintiff, the written contract entered into between plaintiff and defendant, under which the shipments were made, which contract was relevant for another purpose, and which states that the William Gerst Brewing Company "is Wm. Gerst doing business under that firm name." There was no other evidence relating to the character of the plaintiff's entity. A verdict was rendered in favor of "the plaintiff," and judgment was entered in favor of "The William Gerst Brewing Company." *Held:* The general rule of law will not ordinarily permit the introduction of evidence without pleadings to authorize it. *Hanesley* v. *Monroe*, 97 *Ga.* 471 (25 S. E. 321). Where suit is brought in the name of a corporation, and there is no plea denying the existence of such a plaintiff, the defendant will not be allowed, over objection of the plaintiff, to submit evidence for the purpose of disproving plaintiff's entity. 10 Cyc. 1353 (d). And even in a case where documentary evidence containing such proof is introduced by defendant and admitted without objection from plaintiff, such evidence, if relevant and pertinent to the defense actually pleaded by the defendant, will be assumed to have been admitted for its legal and proper purpose, and will not cause the verdict in favor of the corporation to be regarded as illegal or contrary to evidence. *Minnesota Lumber Co.* v. *Hobbs*, 122 *Ga.* 20 (2), 22 (49 S. E. 783).

2. In *O'Connell* v. *State*, 5 *Ga. App.* 234, 235 (62 S. E. 1007), this court said: "We feel no hesitancy in taking cognizance, as a matter of common knowledge, that beer or other liquor of similar potableness which contains as much as four per cent. of alcohol is intoxicating." Therefore it was error for the court to exclude from the consideration of the jury the two bottles of "Maritana," together with the caps and labels thereon, which were introduced in evidence by the defendant, where the label contained the statement: "Contents 12 oz. Alcohol about 4.25%." These bottles, together with the caps and labels thereon, were identified by both the defendant and J. F. Baker, traveling salesman and manager for plaintiff, as being the same brand and kind of goods as a portion of those sued for and shipped by plaintiff to defendant for purposes of sale during the years 1914 and 1915; and according to both of these witnesses, there was no substantial variance in the amount of alcohol contained in this and the other brand so shipped; one of the defenses relied on by defendant being that the goods shipped to him by the plaintiff, for which this suit was brought, were malt, alcoholic, and intoxicating liquors, the sale of which was in violation of the penal statutes of the State of Georgia.

3. While the excerpt from the charge of the court, complained of in

the third and fourth grounds of the amended motion for new trial, if taken alone, might tend to mislead the jury, we do not think that this could be the effect when taken in connection with the whole charge.

*Judgment reversed. Wade, C. J., and Luke, J., concur.*

DECIDED NOVEMBER 14, 1917.

Complaint; from city court of Americus—Judge Harper. January 6, 1917.

*Ellis, Webb & Ellis,* for plaintiff in error.

*W. A. Dodson,* contra.