## COMMONWEALTH *vs.* EDWARD BRENNAN.

Middlesex.    November 7, 1927.— January 6, 1928.

Present: BRALEY, CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Intoxicating Liquor.    Evidence,* Presumptions and burden of proof; Competency; Relevancy and materiality; Of intent; Of motive; Cumulative; Opinion: expert.    *Practice, Criminal,* Exceptions.

At the trial of a complaint charging the defendant with the unlawful sale of intoxicating liquors, it appeared that the liquor in question contained 5.41 per cent of alcohol by weight at sixty degrees Fahrenheit, and the issue was, whether it was a beverage within the meaning of G. L. c. 138, § 3.    There was evidence of an advertisement, describing it as claret punch and giving a characterization sufficient to warrant a finding that it was a beverage.    There also were descriptions by two police officers, each of whom had consumed eight ounces of it without injurious effects. *Held,* that

(1)  On the evidence, the jury were not bound to find that the preparation was used only for flavoring foods and beverages, but could have found that it was a beverage within the meaning of the statute and therefore was intoxicating liquor;

(2)  It was not necessary to a conviction that the liquor be shown to have caused intoxication;

(3)  Evidence respecting the effect of the liquor upon the two police officers who drank a portion of it as a test or experiment was competent to show that the liquor was intoxicating, and also that it could be drunk as a beverage;

(4)  Evidence that the product sold was manufactured under a Federal permit to use eight per cent of alcohol was rightly excluded;

(5)  Exclusion of an offer of proof that a witness for the defendant who had drunk six ounces of the liquid had made an exclamation of pain was not prejudicial to the defendant even if the evidence was admissible, it appearing that evidence offered by the defendant and admitted without objection tended to show that persons who had drunk the liquid had been nauseated and that it was not fit for beverage purposes;

(6)  Evidence to show that the purpose of the manufacturer in the preparation of the product was to make it unfit for use as a beverage was immaterial;

(7)  The question, whether the formula for the manufacture of the claret punch called for any alcohol other than that contained in the ingredients, was rightly excluded as immaterial;

(8)  Exclusion of the testimony of a witness for the defendant who was asked his opinion as to the effect upon persons who drank the liquid sold by the defendant was not error, it appearing from the record that the judge was not satisfied that the witness was qualified to express an opinion upon the question.

COMPLAINT, received and sworn to in the First District Court of Eastern Middlesex on April 22, 1927, charging the defendant with the unlawful sale of intoxicating liquors.

On appeal to the Superior Court, the complaint was tried before *Dillon,* J. Material evidence and exceptions saved by the defendant are stated in the opinion. The defendant was found guilty and alleged exceptions.

*J. J. Higgins,* for the defendant.

*R. T. Bushnell,* District Attorney, for the Commonwealth.

CROSBY, J. The defendant was convicted in the Superior Court upon a complaint which charged him with the unlawful sale of intoxicating liquors on April 21, 1927. He was a salesman in the employ of the Virginia Dare Extract Company, a concern engaged in the manufacture and sale of flavoring extracts which were sold to various grocery stores and jobbers.

On the day alleged in the complaint one Heaton, a police officer of Melrose, bought from the defendant a bottle labelled "Genuine Claret Punch (Claro) Concentrate," and containing twenty-two ounces of a liquid which the Commonwealth contended was intoxicating liquor within the meaning of G. L. c. 138, § 3, which provides as follows: "Any beverage containing more than two and three quarters per cent of alcohol by weight at sixty degrees Fahrenheit, and distilled spirits, shall be deemed to be intoxicating liquor within the meaning of this chapter."

It was admitted that an analysis made by the State department of public health showed that the contents of the bottle contained 5.41 per cent of alcohol by weight at sixty degrees Fahrenheit. The question is, Did the contents of the bottle contain a substance which was a "beverage"? If so, it was "intoxicating liquor" within the definition of that term as used in the statute. If it contained a percentage of alcohol in excess of the amount set forth in the statute, that fact alone does not make it intoxicating liquor within the meaning of the statute. *Commonwealth* v. *Sookey,* 236 Mass. 448, 451.

Whether the preparation sold by the defendant was intoxicating liquor was a question of fact. In *Commonwealth* v. *Lanides,* 239 Mass. 103, it was said at pages 108 and 110,

that "It is a question of fact whether the preparation is a beverage, and if used extensively for such purposes and is intoxicating, a jury is warranted in finding that it is an intoxicating beverage, although it is called a medicine and is taken by many only for medicinal purposes . . . . When such an article is kept for sale, the question to be decided is, is the substance an intoxicating beverage? If there is any evidence to show its common use as such, then the question is one of fact."

The defendant testified that he was a salesman for the Virginia Dare Extract Company and had sold about eighty flavorings to grocery stores and jobbers; that he had sold the preparation in question since February, 1927; that this Claret Punch Concentrate is used for flavoring beverages and foods. The evidence showed that the preparation was sold in sealed bottles and that fastened to the bottle by a rubber band was a printed paper advertising the article. This advertisement referred to it as claret punch, and the description there given was sufficient to warrant a finding that it was a beverage.

Upon the foregoing advertisement and the other evidence we are of opinion that the jury were not bound to find that the preparation was used only for flavoring foods and beverages, but could have found that it was a beverage within the meaning of the statute and therefore was intoxicating liquor.

There was other evidence that two police officers had each consumed eight ounces of the liquor, from the bottle sold by the defendant, without injurious effects, and that it had caused a "warm sensation" and produced a feeling "just about as warm as elderberry wine." The words "Claret Punch" were printed on the label in large type, and underneath in much smaller type was printed "Claro Concentrate." Upon the entire evidence the question whether the liquor was a beverage was properly left to the jury, *Commonwealth v. Blos,* 116 Mass. 56, *Commonwealth v. Sookey, supra, Commonwealth v. Lanides, supra,* notwithstanding the evidence submitted by the defendant that to drink it as a beverage would produce nausea and illness. *Commonwealth*

v. *Ramsdell,* 130 Mass. 68.  *Commonwealth* v. *Mandeville,* 142 Mass. 469.

The argument of the defendant that, in order to convict, the Commonwealth must show that the liquid had caused intoxication cannot be sustained.

It follows that the defendant's motion for a directed verdict was rightly denied, and the exception to such denial must be overruled.

The remaining questions relate to the admission and exclusion of evidence, to the denial of certain requests for rulings, and to certain portions of the charge.   The evidence respecting the effect of the liquor upon the two police officers who drank a portion of it as a test or experiment was competent to show that the liquor was intoxicating, and also that it could be drunk as a beverage.   The defendant's exception to its admission is overruled.   The evidence that the product sold was manufactured under a Federal permit to use eight per cent of alcohol was rightly excluded.   The question, whether it was sold in violation of the laws of this Commonwealth, could not be affected by reason of the issuance of such a permit.   The evidence was not competent to show that the defendant acted in good faith.   If so found, it would not be a defence to a complaint for a violation of the statute. *Commonwealth* v. *Boynton,* 2 Allen, 160.   The absence of evidence that any one had ever become intoxicated by its use would not be a defence if in fact the liquor was found to be intoxicating.   The evidence, exclusion of which was excepted to, that the acting chief of police interviewed the Federal commissioner in Boston and found that the company was acting under the permit, was irrelevant and immaterial to any issue in the case.

A witness called by the defendant testified that a man in his employ drank six ounces of the Claret Punch.   This witness was asked to state what he saw the man do.   The answer was that he did not do anything.   The witness was further asked, "What did he do, that you observed?   A. I didn't observe anything out of the ordinary."   The witness was asked "Whether it was an exclamation of pain or distress?"   Counsel then offered to show that the employee

made an exclamation of pain; this was excluded. If we assume that the evidence was admissible, yet as there was evidence offered by the defendant and admitted without objection tending to show that persons who had drunk the liquid had been nauseated and that it was not fit for beverage purposes, we are of opinion that the evidence excluded was not prejudicial to any substantial rights of the defendant.

The evidence to show that the purpose of the manufacturer in the preparation of the product was to make it unfit for use as a beverage was immaterial. Such purpose would not excuse the defendant from liability if it was in fact intoxicating liquor within the provisions of the statute quoted above. The question, whether the formula for the manufacture of the Claret Punch called for any alcohol other than that contained in the ingredients, was rightly excluded as immaterial. The exclusion of the testimony of the witness Morse who was asked his opinion as to the effect upon persons who drank the liquid sold by the defendant was not error. It is sufficient to say that it expressly appears from the record that the judge was not satisfied that the witness was qualified to express an opinion upon the question. We cannot say that in the exclusion of the evidence the discretion of the judge was improperly exercised.

The exceptions to the requests for rulings need not be considered in detail. They have been carefully examined. Many of them could not properly have been given in view of what has been said; the others, so far as pertinent, were covered by the charge which fully and accurately dealt with the issues presented by the evidence.

As we perceive no error of law in the conduct of the trial, the entry must be

*Exceptions overruled.*