JEFFERSON vs. THE STATE OF GEORGIA.

1. As this case will be sent back for a new trial on other grounds, no opinion is expressed as to whether or not the verdict is contrary to the evidence, further than to say that this appears to be a close case.

2. While this court will not readily interfere with the presiding judge in controlling the practice in his court as to the conduct of counsel, and as to their asking leading questions, yet in passing upon the admissibility of evidence, or upon whether questions are leading or not, he should not pass upon the credibility of witnesses; and where counsel asked questions which the court deemed leading, it was error for him to say: "Don't lead the witness. They will tell anything you want them to say. Counsel will not be allowed to persist in leading the witness. These ignorant witnesses can be led to say anything in the world you want them to say, if they are interested in the party. Shrewd counsel can frame these questions so as to lead the witness to say anything they want them to say."

March 3, 1888.

Criminal law. Practice in superior court. Witness. Before Judge BOWER. Dougherty Superior Court. April term, 1887.

Reported in the decision.

WRIGHT & ARNHEIM and J. W. WALTERS, for plaintiff in error.

W. N. SPENCE, solicitor-general, for the State.

SIMMONS, Justice.

The defendant was indicted for rape, and was convicted. His motion for a new trial was overruled, and he excepted. The grounds of the motion are, in substance, as follows:

The 1st and 2d grounds are that the verdict is contrary to law and to the evidence. The 3d ground complains that the court overruled the objection of defendant's counsel to the competency of Eliza Green, the person alleged to have been raped, to testify as a witness for the State; and also that the court restricted the cross-examination of this witness on the subject of her competency; the testimony of the witness on this subject, and the ruling of the court thereon being as follows:

"Question.—Didn't you know that if you told anything that was not true, they would put you in jail for that? Answer.—I didn't know. Q.—If you don't swear the truth, do you know what will become of you? A.—No, sir. Q.—You don't know that they will punish you? A.—No, sir. Q.—You don't think it is wrong to swear to the Bible and tell what is not true? A.—No, sir." The judge:— "The objection is overruled, and I can't let that examination extend any further. If you desire information from the witness, you can ask pertinent questions."

The 4th ground sets out the following questions propounded by defendant's counsel to Crecy Fowler, a witness for the defendant, on re-direct examination, and the answers thereto:

"Question.—What kin are you to Hillery? Answer.—No, sir; I am no kin to him. Q.—What interest have you in him? A.—None; no further than I am sworn to tell the truth."

And the complaint in this ground is, that the court thereupon ruled as follows:

The judge:—"Don't lead the witness. They will tell anything you want them to say. Counsel will not be allowed to persist in leading

the witness. These ignorant witnesses can be led to say anything in the world you want them to say, if they are interested in the party. Shrewd counsel can frame these questions so as to lead the witness to say anything they want them to say.''

The 5th ground complains that, although no evidence was taken down in writing at the committing trial, the court permitted the magistrate who conducted that trial to give oral testimony, as a witness for the State, as to what Milledge Fowler had testified thereat.

The 6th ground complains that, when counsel for the defendant objected to the following question, addressed by State's counsel to a witness for the State, as leading, viz. "Q.—Did you ever hear anything against her virtue?" the court, in ruling thereon, said: "You must not ask leading questions. The same remark will apply to this witness that I made awhile ago.''

1. As the case is to be sent back on other grounds, we will not now express any opinion as to whether the verdict is contrary to the evidence, more than to say that this appears to be a close case.

2. The main ground relied upon here is the 4th ground of the motion; and we think that upon that ground the court erred in not granting a new trial. While we do not wish to interfere with the judge in controlling the practice in his court as to the conduct of counsel, and as to their asking leading questions, yet we do not think that in passing upon the admissibility of evidence, or upon whether questions are leading or not, he has a right to pass upon the credibility of witnesses, as the judge seems to have done in this case. He said to counsel:

"Don't lead the witness. They will say anything you want them to say. Counsel will not be allowed to persist in leading the witness. These ignorant witnesses can be led to say anything in the world you want them to say, if they are interested in the party. Shrewd counsel can frame these questions so as to lead the witness to say anything they want them to say.''

The credibility of witnesses in every trial, civil or criminal, is for the jury. In this case, the court seems to have

usurped the province of the jury, and to have passed upon the credibility of the defendant's witnesses without leaving it to the jury. Doubtless, when the jury heard these expressions from the judge, to the effect that these witnesses had no regard for their oaths, but would say anything that counsel desired them to say, the jury entirely disregarded the evidence which had been adduced in behalf of the defendant. These remarks of the court had, in our opinion, a tendency to injure the defendant. The opinion of the judge, thus openly expressed, discredited the witnesses. It was, in effect, to instruct the jury that the witnesses for the defendant were unworthy of belief or credit. It is true that the jury might have had the same opinion in regard to the credibility of the witnesses that the judge seems to have had; but if they were doubtful as to the credibility of these witnesses, the fact that the judge expressed this opinion in their hearing might have solved their doubts and made them decide against the defendant, as they did in this case. For this reason we think the court erred in not granting a new trial.

Judgment reversed.