27264.   TAYLOR v. THE STATE.

ARGUED JUNE 12, 1972—DECIDED OCTOBER 5, 1972.

*Q. Robert Henry, Lloyd Grimes,* for appellant.

*Glenn Thomas, Jr., District Attorney, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Assistant Attorney General, Daniel I. MacIntyre,* for appellee.

JORDAN, Justice. ■ Before the hearing on the special plea of insanity counsel in behalf of the indigent accused moved that the accused "be allowed to be examined by a physician of his choosing at a hospital or clinic in Glynn County and under such conditions as may be ordered by the court to provide a complete examination but with reasonable safeguards." It further appears that although the trial judge denied the motion as made, he had already provided for an examination and report by "two State appointed, or requested, or employed doctors" and "a defense employed or obtained doctor," without expense to the accused, and that there was only one "Board" psychiatrist in the area, who declined to examine the accused. The examining physician on behalf of the accused had residency training in psychiatry. Counsel insisted, however, that due process of law would be met only if the accused was given "a thorough examination by a competent psychiatrist," contending, in effect, that this test would be met only upon examination by a "Board" psychiatrist.

In *Roach v. State,* 221 Ga. 783 (147 SE2d 299) it appears that counsel prayed for an order directing that the accused be examined by a competent psychiatrist and that the psychiatrist be required to furnish an opinion of the mental condition of the accused. The trial judge refused to grant the prayer and on appeal the accused asserted error on the ruling. This court held (p. 784): "There is no statute of force in this State which requires the judge on application therefor to have one accused of crime mentally examined, but assuming he has power to do so when such an examination is needed to comply with constitutional principles, we

do not think the defendant in this case is entitled to a new trial because of the refusal of the judge to grant the order applied for."

In *Chadwick v. State,* 221 Ga. 574 (146 SE2d 283), the accused asserted error on the ruling of the trial judge refusing to appoint a psychiatrist, which was held not to be meritorious. See also *Moore v. State,* 113 Ga. App. 738 (149 SE2d 492).

Research fails to disclose any appellate court ruling in this State dealing precisely with any implication, if there be any, arising from *Roach,* supra, that mental examination by a qualified psychiatrist is mandatory, assuming the trial judge has power to order an examination, to comply with constitutional principles, even where, as here, an indigent accused has requested an examination. In *Lingo v. State,* 224 Ga. 333, 341 (162 SE2d 1) this court did hold that the trial judge has the inherent right to investigate the sanity of an accused before trial, and that the trial judge did not err in ordering a psychiatric examination of the accused one day after arrest. This, of course, does not mean that investigation is mandatory, even if there be some reason to question sanity. Instead, the ruling implies the exercise of a sound discretion, with or without any motion on behalf of the accused.

In considering the refusal of a trial judge in a State court to appoint a psychiatrist to make a pre-trial examination, Mr. Justice Reed, speaking for the Supreme Court of the United States, said "We cannot say that the State has that duty by constitutional mandate. See McGarty v. O'Brien, 188 F2d 151, 155." United States v. Baldi, 344 U. S. 561, 568 (73 SC 391, 97 LE 549). The court had previously denied certiorari in the McGarty case. 341 U. S. 928 (71 SC 794, 95 LE 1359).

We are of the opinion that under the circumstances disclosed in the present case there was no violation of due process in the refusal of the trial judge to appoint a psychiatrist to make a pre-trial examination or otherwise assist the indigent accused, and that no error appears with respect to the pre-trial action of the trial judge in this respect.

■ At the hearing on the special plea of insanity as provided for by *Code* § 27-1502 counsel for the accused offered in evidence a collection of documents certified by the Director of the Georgia Diagnostic and Classification Center (a Division of Georgia State Board of Corrections), Jackson, Georgia, as a true copy of the medical records of Kenneth Jerry Taylor maintained under his supervision. The documents include records forwarded from Central State Hospital on April 29, 1968, disclosing that the accused was admitted as an alcoholic to the Milledgeville (now Central) State Hospital from Cobb County on March 8, 1966, discharged on April 19, 1966, mental condition restored, diagnosis of sociopathic personality disturbances with alcohol addiction, prognosis guarded; that his first admission was on May 18, 1956, diagnosis schizophrenic reaction, schizoaffective type, and that he was furloughed "at least six times," and discharged October 27, 1964. A report of psychiatric examination dated March 15, 1966, refers to his psychiatric impairment as "severe." A psychological screening report dated March 14, 1966, shows answers on a test as "characteristically responded to by schizophrenics" and a profile of scores on tests indicative of "a more severe mental disturbance than one would predict from his physical appearance and brief interpersonal communications."

Counsel for the State objected to admissibility, contending that the documents were immaterial, irrelevant, and hearsay, and deprived the State of the right of cross examination. The trial judge sustained the objection, and counsel excepted. Counsel for the accused again offered the documents in evidence in the trial of guilt or innocence, and the trial judge denied admission without waiting for any objection by counsel for the State, and counsel for the accused again excepted.

The rulings here involved were made in March, 1970, and thus preclude consideration of the effect of any provisions of the 1971 statute (Ga. L. 1971, p. 441; *Code Ann.* § 38-712 et seq.) pertaining to the authentication and admissibility of medical records, even if it were made to appear that the

records were within the purview of this statute, and this is not shown.

Insofar as the records may appear to be writings and memoranda recorded in the regular course of business for application of the business records statute (Ga. L. 1952, p. 177; *Code Ann.* § 38-711) the pertinent records are to a large extent not the originals or copies of events recorded at the Georgia Diagnostic and Classification Center, but instead are copies of records furnished to the center from another State agency and offered without proper preliminary proof (see Green, Georgia Law of Evidence, p. 619, §§ 313, 314; *Cassano v. Pilgreen's, Inc.,* 117 Ga. App. 260 (160 SE2d 439)) and inadmissible for the reasons thoroughly explored and discussed in *Martin v. Baldwin,* 215 Ga. 293 (110 SE2d 344).

Under the circumstance here shown the trial judge did not err in rejecting the proffered evidence for consideration by either jury.

■ There being some evidence, however slight, that the accused was drinking before the homicide, the trial judge did not err in charging the law of voluntary drunkenness in respect to criminal responsibility.

■ The defendant adduced evidence which may have tended to create an inference that because of the reputation of the deceased, he may have acted out of fear that his life was in danger. Under these circumstances the trial judge did not err in allowing the State to adduce rebuttal evidence of good reputation, notwithstanding the general rule that evidence of the good reputation of the victim would be inadmissible. But even if the general rule were applicable, any error in admitting the evidence is, in our opinion, harmless, the real issue, as made by the evidence at the main trial, being whether the jury should acquit "because of mental irresponsibility or insanity at the time of the commission of the act" as provided under *Code Ann.* § 27-1503.

*Judgment affirmed. All the Justices concur.*