## 50042. BUTLER v. THE STATE.

MARSHALL, Judge.

Appellant was indicted on two counts of possession of heroin. Prior to the trial, he made several motions, to wit: (1) for change of venue, (2) to suppress illegally seized evidence, and (3) to have an independent analysis made of the drugs and a drug expert appointed for the defense. In addition, during the hearings and trial appellant contended the trial court erroneously: (4) quashed a defense subpoena, (5) overruled his challenge to the array of jurors, (6) allowed into evidence a statement made by appellant, and (7) admitted into evidence packages that were not proven to contain heroin. The overruling of these motions and the other rulings made by the trial court are the errors enumerated on appeal and discussed below. *Held:*

1. Appellant moved for a change of venue on the grounds of adverse pre-trial publicity and introduced

various newspaper articles and transcripts of television and radio broadcasts. The publicity consisted of the filming of appellant's capture, a news conference wherein Richmond County Sheriff's Department revealed that the seizure from appellant's house was "probably one of the largest seizures in the state" of cocaine and heroin with a "street value . . . estimated at $1,700,000.00," and other publicity concerning an attempted escape and the prior criminal record of a co-defendant. The motion was denied. On voir dire of the jury (the panel of 42), defense counsel asked whether anyone had seen the media coverage concerning defendant. Only one juror responded but he denied that the news report he saw would "cause [him] to lean one way or the other." This particular juror was not stricken.

Georgia does not precisely follow the standards for granting a change of venue or continuance as set forth in ABA Minimum Standards § 3.2 (c) (if there is a "reasonable likelihood" that a fair trial cannot be had then the motion should be granted. "A showing of actual prejudice shall not be required") and as established in the federal cases cited by appellant to the same effect. E.g. Sheppard v. Maxwell, 384 U. S. 333 (86 SC 1507, 16 LE2d 600); Rideau v. Louisiana, 373 U. S. 723 (83 SC 1417, 10 LE2d 663); Irvin v. Dowd, 366 U. S. 717 (81 SC 1639, 6 LE2d 751); Marshall v. United States, 360 U. S. 310 (79 SC 1171, 3 LE2d 1250). The Georgia Supreme Court has consistently followed the rule conceived in *Morgan v. State,* 211 Ga. 172 (1) (84 SE2d 365) that a change of venue or a continuance will not be granted upon a mere showing that publications were made denunciatory to the defendant without further proof that the jurors summoned to hear the case had actually been exposed to the publicity and had formed fixed opinions as to the guilt or innocence of the defendant that would not yield readily to testimony. And "the granting or the refusing of a motion for a change of venue, is within the discretion of the trial judge. Such discretion will not be controlled by the appellate courts unless abused." *McCrary v. State,* 229 Ga. 733, 734 (194 SE2d 480); *Thacker v. State,* 226 Ga. 170 (2) (173 SE2d 186); *Park v. State,* 225 Ga. 618 (1) (170 SE2d 687); *Williams v. State,*

222 Ga. 208, 209 (149 SE2d 449); *Chatterton v. State,* 221 Ga. 424 (2) (144 SE2d 726). Applying this standard, we find no abuse of discretion.

2. Appellant filed a written motion to suppress the introduction of the drugs into evidence. The three grounds stated for suppression were: (1) the drugs seized were not under appellant's control, (2) a copy of the warrant was not given to the appellant, and (3) there was no return of the warrant. These also were the three grounds urged by appellant at the hearing on the motion. The motion was overruled and we agree that none of the stated reasons was grounds for excluding the evidence. On appeal, appellant, for the first time, contends that the search warrant was void because it was issued by a justice of the peace of Richmond County who had no authority under Code Ann. § 27-303 to issue the warrant. See Ga. L. 1931, p. 270; 1971, p. 2745.

Even if we accept as fact that the warrant issued (it is not included in the record) is void, ab initio, and is a nullity, we must conclude that this is not grounds for reversal. "The holding of Mapp v. Ohio, 367 U. S. 643 (81 SC 1684, 6 LE2d 1081), that all evidence obtained by searches and seizures in violation of the Fourth Amendment of the Federal Constitution is inadmissible in state courts, is only an exclusionary rule and does not affect the competence of evidence admitted without timely challenge . . . Moreover, Section 13 of an Act of 1966 (Ga. L. 1966, pp. 567, 571; Code Ann. § 27-313) established a procedure for the suppression of evidence obtained by unlawful search and seizure and provided that a motion to suppress 'shall be in writing and state facts showing wherein the search and seizure were unlawful.' Defendant's failure to interpose a timely motion to suppress pursuant to the Act amounted to a waiver of the constitutional guaranty in respect to the search and seizure involved in this case." *Gilmore v. State,* 117 Ga. App. 67, 68 (2) (159 SE2d 474); *Wilson v. State,* 126 Ga. App. 145 (1) (190 SE2d 128); *Garrett v. State,* 120 Ga. App. 611 (2) (171 SE2d 772); *West v. State,* 120 Ga. App. 390 (1) (170 SE2d 698); *Lane v. State,* 118 Ga. App. 688 (165 SE2d 474). See also 30 ALR3d 128, § 10(a). We hold that the requirement for timely objection applies

with equal force to a warrant that is void as it does to a warrant that is defective for some other reason. The reasons specified by the appellant for challenging the warrant at the trial were not sufficient to raise the reason for challenge raised for the first time on this appeal.

3. Appellant moved for the trial court to appoint an expert to testify for the defense as to the accuracy of the tests made on the drugs and for an independent analysis of same. The trial court's denial of these motions, appellant contends, deprived him of his Sixth Amendment right to effective assistance of counsel; of his right of confrontation and cross examination and, because of his inability to pay for his own expert, of his Fourteenth Amendment equal protection rights. While defense needs for independent analysis and expert testimony may have been held to be a constitutionally protected right in other jurisdictions, People v. Watson, 36 Ill. 2d 228 (221 NE2d 645); State v. Campbell (Iowa), 215 NW2d 227; State v. Williams (Iowa), 207 NW2d 98, we find no authority in Georgia nor under the Federal Constitution for such a rule. Cf. *Taylor v. State,* 229 Ga. 536 (192 SE2d 249); *Moore v. State,* 113 Ga. App. 738, 739 (149 SE2d 492); *Roach v. State,* 111 Ga. App. 114 (3) (140 SE2d 919).

There is provision in "The Georgia Criminal Justice Act" (Ga. L. 1968, pp. 999-1005) for payment by counties of "expenses necessarily incurred by them [assigned counsel] in the defense of indigents." Code Ann. § 27-3204. It would seem that such payment would include the expense of employing an expert to testify in behalf of the defendant. The record does not show under what system Richmond County operates, what fee limits have been set by the governing authority, whether "investigation expenses" had been approved by the court and requested by counsel. In the absence of these facts, appellant has failed to show error in the trial court's denial of these motions.

4. Enumeration of error number 5 is that the trial court erred in quashing the appellant's subpoena of a news director of a local television station. A reading of the transcript of the hearing shows that the motion to quash was not ruled upon, the witness appeared, gave testimony in the capacity for which he was subpoenaed, and was

then excused. This enumeration is without merit.

5. Appellant filed a written challenge to the array of jurors under Code § 59-803 contending essentially that the panel of 42 jurors had not been randomly selected because jurors whose employers did not compensate them while serving on the jury had been purposely excused by the jury commissioners, leaving only those persons of "predominantly upper middle class." This same argument was made at the outset of the trial and the appellant's counsel was allowed to examine each individual juror on that selected panel of 42 to determine their compensation while serving on the jury and their socio-economic background. Appellant concedes that the jury list from which this particular panel was selected is "a fair and equitable cross section of the population of Richmond County as a whole."

Whether or not the jurors who served on this particular panel had been screened in such a manner as to excuse persons who would not be compensated by their employer during jury service, appellant's challenge was properly overruled. "Purposeful discrimination is not shown by introducing evidence that as to a single grand jury or petit jury members of any large or identifiable segment of the community thereon, either negroes, women or young adults, are less in proportion than the proportion such identifiable segment bears to the population in general. Adkins v. Texas, 325 U. S. 398, 403 (65 SC 1276, 89 LE 1692). 'The well settled rule is that, given a lawfully selected panel, free from any taint of invalid exclusions or procedures in selection and from which all disqualified for cause have been excused, no cause for complaint arises merely from the fact that the jury finally chosen happens itself not to be representative of the panel or indeed of the community. There is, under such circumstances, no right to any particular composition or group representation on the jury.' Frazier v. United States, 335 U. S. 497, 507 (69 SC 201, 93 LE 187)." *White v. State,* 230 Ga. 327, 331-332 (196 SE2d 849).

6. Statements made by appellant at the scene of his arrest to the effect, "This dope is not mine. You've got the wrong man. I'm just delivering it for somebody else," were

properly admitted into evidence. The trial judge found them to have been voluntarily made by appellant in response to a Miranda warning by the arresting officer. We have examined the transcript and find no support for appellant's theories of coercion or that the statement was made by some third party.

7. Appellant's final contention is that there is a substantial variance between the allegata (possession of heroin) and the probata (possession of some 50 or more packages of heroin). He also contends that samples from only two of the many packages were properly tested and that the other packages should not have been admitted. The indictment sufficiently notifies the person charged with the particular charge against which he must defend. *Green v. State,* 124 Ga. App. 469 (184 SE2d 194). There is no fatal variance requiring reversal. See, *Howard v. State,* 128 Ga. App. 807 (6) (198 SE2d 334); *Renfroe v. State,* 54 Ga. App. 215 (187 SE2d 623). Even if there was a variance it cannot be said to be harmful since the evidence unquestionably supports the charge that appellant possessed heroin (at least two packages containing heroin) whether or not the jury believed there was heroin in the other packages admitted into evidence. See e.g. *Perdue v. State,* 225 Ga. 814 (171 SE2d 563); *Lowe v. State,* 57 Ga. 172 (2); *Howard v. State,* 128 Ga. App. 807 (6), supra.

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

ARGUED JANUARY 6, 1975 — DECIDED FEBRUARY 11, 1975 — REHEARING DENIED MARCH 4, 1975 —

*Terrance Patrick Leiden,* for appellant.
*Richard E. Allen, District Attorney, Sam B. Sibley, Jr., Assistant District Attorney,* for appellee.