## 50757. MANIS et al. v. THE STATE.

WEBB, Judge.

Larry Ault and Phyllis Ault Manis were jointly indicted for violation of the Drug Abuse Control Act (Code Ann. Ch. 79A-9),[1] Count 1 alleging the possession, and Count 2 the sale, of marijuana. Defendants waived jury trial and were tried before the court without a jury, resulting in a verdict of guilty on each count. Their motion for new trial was overruled, and they now appeal. *Held:*

1. Betty Ann Walker, senior toxicologist at the State Crime Laboratory, testified that "The green leafy material [in question] is positive for marijuana in the amount of 10 grams." Defendants testified in their own behalf and admitted procuring and selling the marijuana, referring to it as "stuff," "marijuana," and "grass," which was rolled up into a "joint" and smoked by the undercover agent and another. They now contend that the state did not prove that the "grass" was "Cannabis sativa L." However, marijuana is statutorily defined as "parts of the plant Cannabis sativa L." (Code Ann. § 79A-903 (b) (5)), and we find no reversible error. See *Allen v. State,* 120 Ga. App. 533, 534 (3) (171 SE2d 380); United States v. Rothberg, 480 F2d 534 (CA 2, 1973); United States v. Gaines, 489 F2d 690 (CA 5, 1974).

2. Here, as in *State v. Estevez,* 232 Ga. 316 (206 SE2d

---

[1]These proceedings predate the Controlled Substances Act, Ga. L. 1974, p. 221 et seq.

475), the evidence required to convict of illegal sale was the only evidence showing possession; and as held in *Estevez*, the illegal possession was included in the illegal sale so that punishment could be meted out only for the illegal sale. In accordance with *Estevez, Atkins v. Hopper*, 234 Ga. 330, and *Johnson v. State*, 130 Ga. App. 134 (202 SE2d 525), we hold that portion of the sentence attributable to possession void and reverse the conviction and sentence under Count 1 with direction to set it aside as barred by conviction and sentence under Count 2.

*Judgment affirmed in part and reversed in part with direction. Bell, C. J., and Marshall, J., concur.*

SUBMITTED JUNE 2, 1975 — DECIDED JUNE 11, 1975.

*McDonald, McDonald & McDonald, E. Crawford McDonald,* for appellants.

*Samuel J. Brantley, District Attorney,* for appellee.