## 51545. PATTERSON v. THE STATE.

PANNELL, Presiding Judge.

The defendant was convicted of possessing marijuana in violation of the Georgia Controlled Substances Act. He was sentenced to two years and fined $2,000. He appeals the judgment of conviction and sentence entered thereon.

The details of the search and seizure and of appellant's arrest can be found in *Patterson v. State,* 133 Ga. App. 742 (212 SE2d 858). The evidence at the trial of the case showed that a GBI agent observed appellant gathering marijuana growing in a field near appellant's house. Appellant was placed under arrest, and the growing marijuana was seized. The state crime laboratory reported that all samples submitted to it were marijuana. The marijuana which was sent to the state lab was not introduced into evidence; it had been destroyed by the lab after three years pursuant to a routine departmental procedure.

The state did introduce samples of alleged marijuana which had been seized by the sheriff and kept in his possession until the date of trial. This particular "marijuana" had not been tested by the state lab; however, the testimony showed that the samples tested by the state lab and those samples kept by the sheriff were all seized at the same time and place.

Appellant testified that the "weed" had always infested his cornfield, and he was trying to get rid of it. He said that his father had told him it was "Indian Hemp," which his uncle had grown back in 1917.

1. Appellant argues that he was denied rights of due process, confrontation, and compulsory process in that he

was denied the opportunity to examine a critical piece of evidence. The marijuana which was examined by the state lab was held by the lab from 1971 until February, 1974. It was then routinely destroyed. Appellant demanded samples for purposes of his defense in April, 1975. At this point in time, it was impossible for the state to provide samples for his examination. The question presented is whether appellant's rights of confrontation, due process, and compulsory process were violated by the absence of an independent analysis of the alleged marijuana.

"While defense needs for independent analysis and expert testimony may have been held to be a constitutionally protected right in other jurisdictions, People v. Watson, 36 Ill. 2d 228 (221 NE2d 645); State v. Campbell (Iowa), 215 NW2d 227; State v. Williams (Iowa) 207 NW2d 98, we find no authority in Georgia nor under the Federal Constitution for such a rule. Cf. *Taylor v. State,* 229 Ga. 536 (192 SE2d 249); *Moore v. State,* 113 Ga. App. 738, 739 (149 SE2d 492); *Roach v. State,* 111 Ga. App. 114 (3) (140 SE2d 919)." *Butler v. State,* 134 Ga. App. 131, 134 (213 SE2d 490). Appellant argues that a case decided after the *Butler* case held that there was a right to an independent analysis of a piece of evidence whose nature was subject to varying expert opinion. See Barnard v. Henderson, 514 F2d 744 (5th Cir. 1975). Assuming, but not deciding that Barnard would be controlling under the present set of facts, it is not binding authority on this court.

Further, there was no evidence in the present case tending to show that the examiner from the state lab was either biased or incompetent. There was no evidence that appellant was denied the opportunity to confer with the examiner. The method of examination and the results thereof were subject to appellant's scrutiny through cross examination of the examiner from the state crime lab.

It is our opinion that appellant's constitutional rights were not violated by an absence of an independent analysis of the marijuana, which was examined by the state lab.

2. "The state is not required to introduce the illegal drug itself into evidence." *Davis v. State,* 135 Ga. App.

203, 205 (217 SE2d 343).

3. The defendant previously appealed the denial of his motion to suppress. This court held that the trial court properly overruled appellant's motion to suppress the marijuana seized from appellant's open field. *Patterson v. State,* 133 Ga. App. 742 (212 SE2d 858). Appellant again urges error on the admission of this evidence. "A decision rendered upon a state of facts appearing in the record, in which the legal effect of those facts is declared, is, in all subsequent proceedings in the case, a final adjudication of the rights of the parties, from which the court cannot depart, nor the parties relieve themselves, so long as the facts themselves appear without material qualification." *Moorman v. Williams,* 107 Ga. App. 640 (131 SE2d 238). The facts brought out at the trial of the case were not materially different from those facts considered by this court on the prior appeal. It follows that the trial court committed no error in overruling appellant's motion to suppress the marijuana seized in appellant's open field.

4. Appellant's motion to suppress evidence seized in appellant's house and the curtilage thereof was granted. His motion to suppress evidence seized from the open field near his house was denied. Appellant argues that the trial court committed error in allowing evidence and testimony relating to marijuana when it was not properly shown to have come from the fields rather than from the house or curtilage.

Appellant has pointed to no objection made to any evidence on the basis of its being from the house or curtilage. Further, we have been unable to find any such objection in the transcript. Moreover, the evidence shows that all of the admitted testimony and evidence related to marijuana seized from appellant's open field or from the jeep which appellant was driving at the time of his arrest. It follows that appellant's enumeration of error number 4 is without merit.

5. The sheriff testified that he seized some leaves from plants in appellant's open field and placed them in a plastic bag. He said that the plants looked identical to marijuana plants, which he had observed on previous occasions. The sheriff took the leaves to the jail and kept them in his office files. Later, he moved the bag containing

the leaves to his home and kept it in his chest of drawers, until the date of trial. The sheriff testified that the leaves were in his exclusive possession from the day they were seized until the trial; and the appearance of the leaves was unchanged.

Defense counsel objected to the trial court's admitting this substance into evidence on the grounds that the state had not shown "exclusive custody." "In proving chain of custody, the state is not required to show that the substance was personally guarded each minute it is in one's custody, and in the absence of a showing to the contrary, the chain of custody is not thereby broken . . . In the absence of evidence of tampering with the substance, the chain of custody has not been shown to be broken." *Davis v. State,* 135 Ga. App. 203, 204, supra. The testimony of the sheriff shows that the evidence was in his custody from the date it was seized until the date of the trial. There was no evidence tending to show any tampering with the evidence. It follows that the trial court did not err in overruling appellant's objection to the evidence.

Appellant urges other grounds upon which the trial court should have excluded the alleged marijuana leaves. None of these grounds was raised at the trial level and cannot be argued for the first time on appeal.

6. The sheriff and several GBI agents obtained a search warrant for appellant's residence and proceeded to appellant's house to search for marijuana. The sheriff testified that upon their arrival at appellant's residence, ". . . one of us told him we had a search warrant, looking for marijuana and he said, yeah, I've had the dam [sic] stuff up over here for about ten year. I'm trying to get rid of it right now." The sheriff repeated this same testimony during the course of direct examination.

The next witness was one of the GBI agents, who accompanied the sheriff to appellant's home. He testified that appellant never indicated that he knew the substance growing in his fields was marijuana. The judge then asked the witness the following question: "Well, the question that's in my mind I'm sure it's in the jury's mind, you just heard Sheriff Marly Cannon say that he told Mr. Patterson he come there to search for marijuana and Mr. Patterson said, the dam [sic] stuff's been growing in my

field for ten years. I'm trying to get rid of it right now. Did you hear that and if not can you make any explanation as to why you . . ." The witness answered: "The only way that I could say I didn't hear it, I was explaining is that obviously Sheriff Cannon knew Mr. Patterson and as a matter of procedure we let the sheriff talk with the people that he knew. In a lot of instances a local person might tell the sheriff something that he knew that he wouldn't tell me or wouldn't tell a stranger he didn't know. So, you know I would stand back and let the sheriff make the initial conversation, handle it and then go from there but I don't recall this particular conversation . . ." Defense counsel then objected to the trial court's comparing the testimony of the two witnesses. The trial judge responded to this objection as follows: "I don't mean to be comparing testimony Mr. Horn I'm trying — I think that my question would benefit your client, if it benefited anybody. But one witness has testified to something that this witness apparently didn't hear and his statement was that he approached the residence with the Sheriff and I wondered why he didn't hear it *if it was said.*" (Emphasis supplied.)

Appellant urges error in the trial court's question to the GBI agent. He argues that the judge's statement conveyed the impression that he believed the testimony of the sheriff; and therefore, the judge's questioning would lead the jury to believe that the court discredited appellant's only defense. See *Spivey v. State,* 38 Ga. App. 213, 216 (143 SE 450). We do not agree that the statement of the trial judge amounted to an expression of opinion as to what facts had been proved.

"A correct statement by the court as to the testimony of a witness is not error in the absence of special circumstances tending to show such an unwarranted emphasis upon certain testimony as might confuse or prejudice the jurors." *Winston v. State,* 79 Ga. App. 711, 713 (54 SE2d 354). An examination of the judge's question shows that it contained an accurate statement of the sheriff's testimony. The judge did not indicate that he believed one witness as opposed to another; he simply restated the sheriff's testimony and asked the witness if he could explain the apparent inconsistency between his and the sheriff's testimony. It is our opinion that the

judge's statement did not confuse or prejudice the jurors. "The fact that the trial judge asked questions of witnesses is not cause for new trial, unless the complaining party suffered prejudice thereby." *O'Connell v. State,* 5 Ga. App. 234 (5) (62 SE 1007).

7. The toxicologist from the state crime laboratory testified that she "found the green leafy material to be positive for marijuana." Appellant contends that the state did not prove that the alleged marijuana was "Cannabis Sativa L." This issue was decided adversely to appellant in *Manis v. State,* 135 Ga. App. 71 (217 SE2d 396).

8. After about four hours of deliberation, the jury returned to the courtroom and informed the court that they could not reach an agreement. The trial judge then instructed the jurors on the desirability of their reaching a decision "if there can be a decision without some juror giving in or giving up his conscientious view." Upon a consideration of the entire recharge to the jury, we find no coercion or undue influence.

*Judgment affirmed. Bell, C. J., Deen, P. J., Quillian, Clark, Webb and Marshall JJ., concur. Evans and Stolz, JJ., dissent.*

ARGUED JANUARY 5, 1976 — DECIDED MARCH 19, 1976 — REHEARING DENIED APRIL 1, 1976 —

*Al Horn, Reber Boult,* for appellant.
*Oliver & Oliver, Robert F. Oliver, District Attorney pro tem, Don McGowan,* for appellee.

EVANS, Judge, dissenting.

I dissent from Division 6 of the majority opinion. Error is enumerated because of remarks made by the trial judge in the presence of the jury respecting the apparent conflicts in testimony of witnesses, and the importance of this particular testimony.

An agent for the Georgia Bureau of Investigation, Mr. Peters, was testifying for the state, and was being cross examined by defense counsel. Specifically he was asked if the defendant at any time indicated that defendant knew that illegal marijuana was on his

premises, or in his possession and he replied the witness did not so indicate; and further he did not recall that it was even reported to witness that defendant had so indicated.

Then the trial judge took over the examination of the witness as follows: "the court: Wait just a minute. Were you with Sheriff Cannon when you all approached the residence? the witness: Yes, I believe I was. the court: Were you with them at the time Sheriff Cannon first approached Mr. Patterson? the witness: No, sir I wasn't. the court: You were not there? the witness: I was—I was near Sheriff Cannon but it might clarify this point but it's a operating procedure that I have being with the G.B.I. when I'm in an area such as this and the Sheriff is the—local. . . the court: *Well, the question that's in my mind I'm sure it's in the jury's mind, you just heard Sheriff Marly Cannon say that he told Mr. Patterson he come there to search for marijuana and Mr. Patterson said, the dam stuff's been growing in my field for ten years I'm trying to get rid of it right now, did you hear that and if not can you make any explanation as to why you. . .* The witness: The only way that I could say I didn't hear it, I was explaining is that obviously Sheriff Cannon knew Mr. Patterson and as a matter of procedure we let the sheriff talk with the people that he knew in a lot of instances a local person might would tell the Sheriff something that he knew that he wouldn't tell me or wouldn't tell a stranger he didn't know. So you know I would stand back and let the sheriff make the initial conversation, handle it and then go from there but I don't recall this particular conversation. . . Mr. Horn: *Your Honor with all due respect to the Court I object' to the Court's comparing testimony in its question.* Mr. Peter's. . . the court: Wait just a minute I don't understand. Mr. Horn: I *object to the Court's question in that regard that you compare testimony with one witness and another witness.* the court: I don't mean to be comparing testimony Mr. Horn I'm trying—I would think that my question would benefit your client, if it benefited anybody. But one witness has testified to something that this witness apparently didn't hear and his statement was that he approached the residence with the Sheriff and I wondered why he didn't hear it if it was said." (Emphasis supplied.)

The witness answered that often-times the sheriff

heard statements from defendants that GBI agents did not hear, and prompt objection was made to the trial court's questions by defendant's counsel.

The trial judge, inadvertently no doubt, went too far. The jury could not have failed to learn what point in the trial the trial judge considered to be the most important, which was why the witness did not hear the sheriff's testimony, to the effect that defendant told him "the dam stuff's been growing in my field for ten years" and that the judge considered this a very important incriminating admission by defendant.

The jury may not have given great credence to the sheriff's testimony on this point, and may not have considered this as the principal point in the case, *prior to the statement by the trial judge.* But here their attention was directed straight to this phase of the case, and it was thereafter cloaked with the utmost importance by the jury.

It is not the function of the trial judge to point out to the jury what he considers to be the most important phase of the testimony by stating that this question is in the judge's mind and he is sure the same question is in the jury's mind. Here he unwittingly caused the jury to believe that the answer to this question would in effect decide the case. The trial judge let the jury know he gave credence to the sheriff's testimony and that he could not understand how the GBI agent could have failed to hear the sheriff's testimony; and that if the GBI agent did not hear the sheriff's testimony, "can you make any explanation as to why you. . ." The sentence was not finished, but it was quite clear that the trial judge felt the GBI agent owed and had the duty of making an explanation of his testimony, and asked him if he could make such explanation.

See the following authorities which leave it beyond doubt that the trial judge committed reversible error in this conduct: *Pound v. State,* 43 Ga. 89, 90 (7); *Jefferson v. State,* 80 Ga. 16 (5 SE 293); *Hubbard v. State,* 108 Ga. 786 (33 SE 814); *Jenkins v. State,* 123 Ga. 523 (51 SE 598); *Thompson v. State,* 203 Ga. 416, 419-420 (47 SE2d 54); *Faust v. State,* 222 Ga. 27, 28 (1), 29 (2) (148 SE2d 430).

The trial judge occupies a high and exalted position

in the minds of the jurors. They know that counsel for the opposing parties are naturally prejudiced in favor of their clients, and the one to whom the jurors may turn for guidance, from a completely fair and impartial source is the presiding judge. Therefore, each word that falls from his lips is often given the ' rapt attention and consideration of the jury, perhaps more than the trial judge realizes.

The trial judge in this case was a skilled and aggressive advocate before ascending the superior court bench. He is one of the outstanding and most able judges in Georgia. He would never consciously seek to influence the jury toward one side or the other. Nevertheless, in this case, it was the function of the prosecuting attorney to bring out the questions the trial judge propounded; and the inadvertence of the trial judge in his action does not cure the error.

It has been many times held by the Appellate Courts of Georgia that the trial judge commits error, if in the presence of the jury, he compliments or disparages the testimony of a witness. See *Pound v. State,* 43 Ga. 89, 90 (7), supra; *Jefferson v. State,* 80 Ga. 16 (2), supra.

I am authorized to state that Judge Stolz concurs in this dissent.