## 52248. GILLILAND et al. v. THE STATE.

PANNELL, Presiding Judge.

The defendants were convicted of violating the Georgia Controlled Substances Act. They appeal the judgment of conviction.

The evidence shows that the defendants were enroute from Houston, Texas to Asheville, North Carolina on July 4, 1975. While at the Atlanta terminal they approached an airline ticket agent and inquired about changing their airline reservations. The change required an exchange of tickets and resulted in a refund being due the defendants. However, the refund could not be made without the defendants' producing identification. The ticket agent became suspicious of the defendants' nervous behavior and called a ticket supervisor to the scene. The supervisor explained the necessity of producing identification so that the refund could be made. The appellants then demanded the return of their tickets; they told the supervisor that they would purchase other tickets. The supervisor noted the names on the tickets and the check claim number.

After the defendants left the ticket counter, the ticket supervisor proceeded to the baggage area and spoke with the baggage supervisor about the two men and their suspicious behavior. The two supervisors located four bags which corresponded with the ticket supervisor's notation. One of the four bags was a large cloth bag and was leaking a green, leafy substance onto the floor. The baggage supervisor opened two of the bags, while the ticket supervisor sought police assistance. Bricks of marijuana were found inside the two bags by the baggage supervisor. The baggage supervisor then shut the opened luggage.

A police officer later arrived on the scene. He saw the green leafy material on the floor and the bag with the hole in it. He testified that the substance appeared to be marijuana. The officer stuck his finger into the hole to determine if the substance on the floor had come from within the bag; he determined that it had. He then opened all four bags and found marijuana in each bag. The officer called for the assistance of two narcotic agents. The agents arrested the defendants as they were boarding an airplane. The defendants were charged with possessing over one hundred pounds of marijuana. *Held:*

1. Appellants urge error in the court's overruling their motion to suppress the marijuana. They contend that there were various material conflicts in the

testimony of the state's witnesses concerning the circumstances surrounding the search and seizure of the marijuana. They argue that these conflicts establish that the witnesses made misstatements under oath amounting to perjury; and that because of this allegedly perjured testimony, the state failed to carry its burden of justifying the search. "Under a warrantless search and seizure, the burden of proving that the search and seizure were lawful is upon the state. Code Ann. § 27-313 (b); *Jones v. State,* 131 Ga. App. 699 (1) (206 SE2d 601)." *Merritt v. State,* 133 Ga. App. 956, 957 (213 SE2d 84).

We have examined all of the inconsistencies in the witnesses' testimony cited by appellants. None of these inconsistencies establishes perjury on the part of any witness. Two witnesses can truthfully testify to two different versions of the same event. In a hearing on a motion to suppress, the credibility of the witnesses is for the judge's determination. See generally *Simmons v. State,* 111 Ga. App. 553, 554 (142 SE2d 308). The judgment of the trial judge will not be disturbed by this court if there is any evidence to support it. *Swift v. State,* 232 Ga. 535 (207 SE2d 459). In the present case, the trial judge was authorized under the evidence to find that the state's witnesses did not give perjured testimony.

Further, the trial judge was authorized to find from the evidence that the police officer had probable cause to search the bags of appellant. The uncontradicted evidence shows that the officer viewed marijuana on the floor around the bag which had a hole in it. This was sufficient to give the officer probable cause to reach inside the bag with his finger and determine that the bag did, in fact, contain marijuana.

Appellant argues that the police officer should have gotten a search warrant before searching the bag. They contend that the state failed to show any exigent circumstances which would justify a warrantless search. We disagree. The evidence showed that the appellants were in an airport attempting to change their airline reservations. They could have bought tickets and boarded a flight before a search warrant could have been obtained and executed. In fact, the appellants were arrested while boarding a plane approximately one hour after the search

of their bags. The reasonableness of a warrantless search must be judged in relation to circumstances then existing and is in the first instance a question for the trial judge to determine. *Andreu v. State,* 124 Ga. App. 793, 797 (186 SE2d 137). In our opinion, the trial judge was authorized to find sufficient "exigent circumstances" to allow the search of appellants' suitcase without a search warrant.

2. Appellant urges error in the court's failing to submit the question of suppression of the evidence to the jury. This argument is without merit. The Criminal Procedure — Searches and Seizure Act of 1966 sets forth the procedure for determining the admissibility of evidence alleged to be illegal because of unlawful search and seizure. "The motion shall be in writing and state facts showing wherein the search and seizure were unlawful. *The judge shall receive evidence out of the presence of the jury on any issue of fact necessary to determine the motion,* and the burden of proving that the search and seizure were lawful shall be on the State. If the motion is granted the property shall be restored, unless otherwise subject to lawful detention, and it shall not be admissible in evidence against the movant in any trial." (Emphasis supplied.) Ga. L. 1966, pp. 567, 571 (Code Ann. § 27-313 (b)). The trial judge is to resolve questions of fact pertaining to the admissibility of evidence subject to a motion to suppress. The issue regarding the suppression of the marijuana (or the admissibility of the evidence) was properly decided by the trial judge.

3. Appellants argue that they were denied rights of due process, confrontation and compulsory process by the court's failing to allow an independent analysis of the marijuana. This issue was decided adversely to appellants in *Patterson v. State,* 138 Ga. App. 290. In the present case, as in *Patterson,* there was no evidence tending to show bias or incompetence on the part of the examiner from the state crime lab. There was no evidence showing that appellants were denied an opportunity to confer with the examiner. Further, the method of testing and the results of the examination were subject to thorough scrutiny through cross examination of the examiner from the crime lab. We find that appellants' rights were not violated by an absence of an independent analysis of the

marijuana.

4. Appellants' enumerations of error 4, 5 and 12 are without merit. The jury was charged that they must find the defendants guilty of possessing marijuana before they would be authorized to convict. There was no error in the court's failing to charge that the jury must find that the substance was Cannabis Sativa L. before they could convict. See *Manis v. State,* 135 Ga. App. 71 (217 SE2d 396); *Patterson v. State,* 138 Ga. App. 290 (7), supra. Further, there was no error in the court's failing to direct a verdict for the defendants on the grounds that the state failed to prove beyond a reasonable doubt that the substance was Cannabis Sativa L. The evidence authorized a finding that the defendants possessed marijuana in violation of the Georgia Controlled Substances Act. The defendants were not entitled to a directed verdict.

5. Appellants urge error in the court's finding the examiner from the state crime lab to be an expert. The evidence shows that the examiner had a college degree in chemistry and received training in the identification of marijuana while employed at the state crime lab. " 'It is a matter within the sound discretion of the trial judge as to whether a witness has such learning and experience in a particular art, science or possession as to entitle him to be deemed prima facie an expert.' " *Merrill v. State,* 130 Ga. App. 745, 754 (204 SE2d 632). We find that the trial judge did not abuse his discretion in allowing the examiner to give his expert opinion regarding the identity of the alleged marijuana.

6. Appellants contend that the court erred in allowing the state's expert to testify regarding certain test results. During the trial of the case, defense counsel objected to the expert's testifying as to the results of the Duquenois test in the absence of a showing that the expert had personally authenticated the standard used. The expert testified that the standard was sent to the state crime lab by the Department of Justice. We find no error in the court's allowing the expert to testify regarding tests in which he used standards prepared by the Department of Justice. An expert may give his opinion "based upon hearsay or such other facts as he may wish, and his opinion is always admissible and the jury may give it such

weight as it deems fit . . ." *Gonder v. State,* 129 Ga. App. 665, 667 (200 SE2d 477). Further, the Duquenois test was only one of four tests performed by the expert upon the alleged marijuana; all four tests were positive for marijuana.

7. The ticket supervisor testified regarding the baggage claim number which he wrote across the top of the defendant's ticket. Defense counsel objected to this testimony and asked that the ticket itself be produced under the best evidence rule. "The best evidence which exists of the fact sought to be proved shall be produced, unless its absence shall be satisfactorily accounted for." Code § 38-203. "This statute has been clearly construed to apply only where the contents of a writing are in issue. Where the existence of a fact is the question at issue and not the contents of a writing, then oral and written evidence of the fact may both be primary evidence." *Willingham v. State,* 134 Ga. App. 603, 606 (215 SE2d 521). The "best evidence rule" was not applicable to the evidence of which appellant complains; accordingly, the trial judge properly overruled defendants' objection.

Appellants complain of other testimony admitted over an objection that the best evidence rule required the production of the writing. The above reasoning applies in each instance, and appellants' enumeration of error is without merit.

8. Appellants contend that the trial judge charged the jury that conspiracy could be proven by "presence, companionship, and conduct," and that such charge was error. The transcript shows that the trial judge charged the jury in pertinent part: "In order to establish a conspiracy, it is not necessary to prove that the parties met together or entered into any formal or specific agreement, or that by words or writing they formulated their unlawful objects. Proof that two or more persons, either positively or tacitly, come to an understanding that they will accomplish the unlawful design may be sufficient. *Presence, companionship and conduct before and after the commission of the alleged offense may be considered by the jury and are circumstances which may give rise to an inference of the existence of a conspiracy.* Acts and conduct which disclose a common design on

the part of such persons to act together for the accomplishment of an unlawful purpose may be sufficient." The judge also instructed the jury: "The mere presence of the defendant on or about the scene of the crime, if that should be a factor in this case, that *mere presence alone* at the time of the perpetration of any such crime *would not alone be sufficient to convict the defendant of any crime."* (Emphasis supplied.)

"Conspiracy consists in a corrupt agreement between two or more persons to do an unlawful act, the existence of which agreement may be established by direct proof, or by inference, *as a deduction from acts and conduct,* which discloses a common design on their part to act together for the accomplishment of the unlawful purpose." (Emphasis supplied.) *Chappell v. State,* 209 Ga. 701, 702 (75 SE2d 417). We find that the court's instructions to the jury were proper. The charge did not allow the jury to find a conspiracy based on presence, companionship and conduct alone. Rather, the jury was instructed that these were circumstances to be considered in determining the existence of a conspiracy.

9. The remaining enumerations of error are without merit.

*Judgment affirmed. Marshall and McMurray, JJ., concur.*

Submitted June 8, 1976 — Decided July 2, 1976 — Rehearing denied July 22, 1976 — ▮▮▮▮▮▮▮▮

*Al Horn,* for appellants.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Donald J. Stein, Assistant District Attorneys,* for appellee.