### 31244. PATTERSON v. THE STATE.

INGRAM, Justice.

This is a drug case with a due process issue that is here on certiorari. The question we address is whether the defendant, charged with possession of marijuana, has a right to an independent analysis of the alleged marijuana. The Court of Appeals held that the defendant does not have a right to make an independent analysis.

The defendant was arrested by the GBI in August, 1971, and charged with possession of marijuana in violation of the Georgia Controlled Substances Act (Code Ann. § 79A-801 et seq.) The State Crime Laboratory received samples of the alleged marijuana during 1971, subjected it to a chemical analysis, and determined that it was marijuana. The evidence was destroyed in February, 1974, pursuant to a routine procedure of the State Crime Laboratory.

In April, 1975, the defendant filed a motion requesting an opportunity to have an independent examination of the evidence, alleging that it was not a proscribed substance within the meaning of Code Ann. § 79A-802 (13) (Rev. 1973). The destruction of the alleged

---

marijuana by the State Crime Laboratory two months earlier rendered compliance with the defendant's request impossible. In July, 1975, defendant was convicted in Rabun Superior Court of possession of marijuana and sentenced to two years in jail and fined $2,000. A state's witness from the State Crime Laboratory testified at trial that the substance seized from the defendant had been scientifically tested by him and found to be marijuana. The laboratory report was introduced into evidence. In *Patterson v. State,* 138 Ga. App. 290 (226 SE2d 115) (1976), the Court of Appeals affirmed appellant's convictions, holding that his constitutional rights were not violated by an absence of an independent analysis of the alleged marijuana.

The constitutional requirement that a criminal defendant be afforded a fair trial and an adequate opportunity to prepare his defense sometimes poses problems in Georgia because of the absence of any meaningful procedure for pre-trial discovery in criminal cases. Our sister states of Mississippi and Alabama have held that, notwithstanding the absence of a criminal discovery statute, due process requires that a person accused of possession of a prohibited substance must be given the opportunity to have an expert of his own choosing conduct an independent examination of the evidence. Warren v. State, 292 Ala. 71 (288 S2d 826) (1973); Jackson v. State, 243 S2d 396, affd. 261 S2d 126 (1971). See also State v. Migliore, 261 La. 722 (260 S2d 682) (1972), and State v. Smith (W. Va.), 193 SE2d 550 (1972). (The Supreme Court of Appeals of West Virginia premised their holding, that a defendant charged with possession of marijuana be given an opportunity to examine it independently, on Brady v. Maryland, 373 U. S. 83 (1963)). In other states having criminal discovery statutes permitting the defendant to inspect or copy tangible evidence in the possession, custody or control of the state and material to the defense,[1] it has been held on statutory grounds that a defendant charged with

---

[1] This is based on Federal Rule of Criminal Procedure 16 (c).

possession of a prohibited substance must be given an opportunity to have the allegedly illegal substance examined independently. Terrell v. State (Texas), 521 SW2d 618 (1975). State v. Gaddis (Tenn.), 530 SW2d 64 (1975). (The Supreme Court of Tennessee viewed the legislative enactment of these criminal discovery statutes as a response to the demands of due process). People v. Spencer (N. Y.), 79 Misc. 2d 72 (361 NYS2d 240) (1974); State v. Cloutier (Maine), 302 A2d 84 (1973); James v. Commonwealth (Kentucky), 482 SW2d 92 (1972).

In line with these authorities we recognize the general right of a defendant charged with possession or sale of a prohibited substance to have an expert of his own choosing analyze it independently. Where the defendant's conviction or acquittal is dependent upon the identification of the substance as contraband, due process of law requires that analysis of the substance not be left completely within the province of the state. See Jackson v. State, supra, and also Barnard v. Henderson, 514 F2d 744 (5th Cir. 1975).

Of course, the defendant does not have an absolute, unqualified right to examine such evidence. The motion for an independent examination must be timely made. The trial court in the exercise of its inherent power to conduct the proceedings before it, should impose appropriate safeguards to insure that the evidence is unchanged and preserved for evidentiary use at the trial. This would generally require that the defendant's expert be allowed to examine the substance in the state laboratory under the control and supervision of the state rather than relinquishing custody and possession of the substance to him. The request must be reasonable. If any valid reason exists for not permitting the defendant to use the substance for an independent analysis, the trial court may, as a matter of discretion, refuse to permit such an examination. (See State v. Cloutier, supra.)

The trial of the present case was delayed approximately three years from the date the defendant was indicted for possession of marijuana. Defendant's motion for an independent examination was not made until three months before trial. Under these circumstances, it is our opinion that the motion was not

timely and, therefore, the order of the trial court denying the motion was correctly affirmed by the Court of Appeals. However, the decisions of the Court of Appeals in the cases of *Mobley v. State,* 130 Ga. App. 80 (4) (202 SE2d 465) (1973); *Patterson v. State,* 138 Ga. App. 290 (1), supra; *Herrin v. State,* 138 Ga. App. 729 (10) (227 SE2d 498) (1976); and *Gilliland v. State,* 139 Ga. App. 399 (3) (228 SE2d 314) (1976), which are inconsistent with this opinion are disapproved.

*Judgment affirmed. All the Justices concur, except Gunter, J., who dissents.*

ARGUED SEPTEMBER 13, 1976 — DECIDED JANUARY 4, 1977 — REHEARING DENIED JANUARY 27, 1977.

*Al Horn,* for appellant.
*Robert Oliver,* for appellee.
*Arthur K. Bolton, Attorney General, Isaac Byrd, Staff Assistant Attorney General,* amicus curiae.