## 31558. PARTAIN v. THE STATE.

HALL, Justice.

The court granted certiorari in this case to determine whether evidence of a positive laboratory test showing that a substance was an illegal drug is admissible where the defendant has no opportunity to make an independent test. The Court of Appeals (139 Ga. App. 325 (228 SE2d 292) (1976)) held that this evidence was admissible based on its decision in *Patterson v. State,* 138 Ga. App. 290 (226 SE2d 115) (1976).

The evidence shows that the appellant's apartment was searched by the GBI pursuant to a search warrant. The agents found a pair of scales with a white residue on the metal pans. The State Crime Lab analyzed this white residue and found it positive for cocaine. Prior to trial, appellant moved that he be allowed to make an independent analysis of the white substance seized. The motion was granted, but when appellant's expert arrived

at the State Crime Lab to make his analysis he was told that there was no longer any contraband for him to test. The pans had contained only enough white residue to perform one analysis, and what little cocaine there was had deteriorated through the analytical process. Despite appellant's inability to perform an independent analysis of the substance, the State Crime Lab's analysis was admitted at trial. He was convicted of violating Georgia's Controlled Substances Act (Code Ann. § 79A-801 et seq.). Appellant contends that this admission violated his due process rights.

We have today overruled the Court of Appeals' holding in *Patterson v. State,* 138 Ga. App. 290, supra. *Patterson v. State,* 238 Ga. 204. In that case we held that due process requires that a defendant charged with possession or sale of a prohibited substance be allowed to have his own expert analyze the contraband independently. We found this right to be limited, however. For example, a defendant's request for an independent examination must be timely made, appropriate safeguards for the independent analysis may be imposed by the trial court, and the request must be reasonable. *Patterson,* 238 Ga. 204.

In the instant case only enough cocaine was seized to perform one test, and it was, of necessity, destroyed in the analytical process. The question we must decide is whether, under these circumstances, the request was reasonable within the meaning of our decision in *Patterson.* We find that because an independent analysis was impossible in this case, the request was unreasonable. We can only assume that the trial court's order allowing an independent examination was made without knowledge that the contraband had been consumed in the State Crime Lab's testing. Therefore, despite its order, the trial court did not abuse its discretion in admitting the State Crime Lab's analysis in this case and the appellant's due process rights were not violated thereby. See State v. Cloutier, 302 A2d 84 (Maine 1973).

*Judgment affirmed. All the Justices concur, except Gunter, J., who dissents.*

Argued November 8, 1976 — Decided January 4, 1977.

*Glenn Zell,* for appellant.
*Lewis R. Slaton, District Attorney, H. Allen Moye, Assistant District Attorney,* for appellee.